May Term,
1833.

CONDUIT
v.
DICKEN.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*W. W. Wick* and *W. Quarles,* for the plaintiff.

*C. Fletcher* and *H. Brown,* for the defendant.

---

### CONDUIT *v.* DICKEN.

*A.* charged *B.* before a justice with having committed perjury, on a trial between them, in a justice's Court; upon which charge a warrant issued against *B.,* and he was thereon arrested. For this arrest *B.* brought an action of malicious prosecution against *A.* *Held,* that the original affidavit and warrant were admissible evidence for the plaintiff. *Held,* also, that after the defendant had given in evidence the record of the cause in the justice's Court, in which he had recovered, the plaintiff might show that, on appeal, the judgment was against the defendant. *Held,* also, that in such case, the declaration need not show the charge to have been under oath, nor the time when the perjury charged was committed.

Wednesday,
May 29.

ERROR to the *Hendricks* Circuit Court.

BLACKFORD, J.—*Dicken* sued *Conduit* in an action for a malicious prosecution. The declaration states that *Conduit,* on the 22d of *May,* 1832, went before a justice of the peace, and falsely, maliciously, and without any reasonable or probable cause whatever, charged *Dicken* with having committed perjury, &c. *Conduit* pleaded two pleas,—1st, the general issue, on which issue was joined; 2dly, that *Dicken* had, on the 18th of *May,* 1832, on a trial before a certain justice of the peace, &c. sworn false, &c.; that *Conduit* had therefore made the charge, &c. Replication of *de injuria sua propria* to the second plea, and issue.

On the trial, *Conduit* filed two bills of exception. The first bill shows that *Dicken* offered in evidence the original affidavit and warrant, by virtue of which he was arrested, &c. These were objected to, but admitted by the Court. The second bill shows, that after *Conduit* had introduced as evidence, the record of the cause in which he alleged the perjury to have been committed, and in which he had recovered, *Dicken* offered to read the record of the same cause, on appeal to the Circuit Court, in which he had succeeded. The record of the cause on appeal, tried after the commencement of the suit for malicious prosecution, was objected to, but the objection was overruled.

Verdict and judgment for the plaintiff below.

There are several errors assigned.

The first is, that the affidavit and warrant were not admissible as evidence. The bill of exceptions states, that it was the original affidavit and warrant which were admitted in evidence. That they were the originals, instead of copies, was surely no objection. The plaintiff in error contends that they ought to have been proved. He forgets, however, that his bill of exceptions admits them to be the original papers.

The second error assigned is, that the record of the action on appeal should not have been admitted. The plaintiff in error had himself given in evidence the record of the same cause before the justice, to show that he had recovered. It followed, of course, that his opponent might show that the final result of the cause, on appeal, had been otherwise.

The third objection is, that the declaration does not aver that a charge of perjury had been made by the defendant under . There was no occasion to make such an averment. The declaration is in the usual form. It was necessary to prove that an affidavit had been made, but it was not necessary to aver it in the declaration.

The last ground relied on is, that the record does not show when the perjury charged was committed. That the declaration does not show this, can be no objection to the judgment. If proof of it was necessary, there is nothing to show but that it was proved. Besides, the time alluded to is stated in the special plea.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Ray* and *J. Eccles*, for the plaintiff.

*C. Fletcher, W. W. Wick,* and *H. Brown,* for the defendant.