## Bennett v. Black.

1. In an action for a malicious prosecution, the information on oath was for facts constituting a larceny, and the warrant for a robbery. The declaration avers the prosecution to have been for a robbery; held that this was error.
2. The prosecutor is not responsible in this action for the mistake of the justice, in causing the person charged to be apprehended for a different crime than the one charged on the oath of the prosecutor.

a See this case reported in page 39, where a previous judgement obtained by the plaintiff was reversed by this Court.

JUDGE PERRY delivered the opinion of the Court. [a]

This was an action brought by Black in the Circuit Court of Madison county, against the plaintiff in error, for having maliciously prosecuted him for the crime of robbery. There was a verdict for the plaintiff below and judgement, which Bennett now seeks to reverse. The declaration avers the prosecution to have been for a robbery; the bill of exceptions discloses the testimony adduced on the trial, which is briefly as follows:

A warrant issued for a robbery, against Black and two others, upon the information of Bennett. Black was arrested and brought before the justice of the peace, was tried and acquitted. The justice was examined as a witness for Black, who stated that on the day of taking the negro mentioned in the warrant, Bennett went to his shop and requested him to go to the court house in Huntsville with him; that he had some important business for him to do as justice of the peace, and offered to pay him for his loss of time in going; that he agreed to go, and as they went together, Bennett stated to him, that Black and the others mentioned in the warrant, had stolen from him the negro therein mentioned; that Bennett stated to him that the negro was taken from the house of Mr Murrell in said town, to whom he had hired the negro, in open day light, by the persons mentioned in the warrant, by force, and in the presence of several persons, whom he required to be summoned as witnesses. Bennett then made an affidavit before said justice of the peace, in which he stated that Black and the others, that day, violently, and with force and arms, seized upon and took from him, the said Bennett, and out of his possession, one

negro slave, the property of him the said Bennett, and against the will of him the said Bennett; whereupon the witness issued the said warrant, and read it over to Bennett and in his hearing, and handed it to him; that Bennett then handed it to the officer with directions to execute it. It was further proved in behalf of Black, that said Bennett had applied to a Mr Dunn, to go with him to the house of Murrell, stating that Black and others were about to steal said negro from him. It was proved on the part of Bennett, that Miller, one of the persons mentioned in the warrant and affidavit, applied to a Mr Flanagan, who is also mentioned in the warrant and affidavit, to go with him from Hazlegreen to Huntsville, to aid him in getting possession of the negro mentioned in the warrant, and also another negro; stating that he had been cheated or swindled out of the negroes by Bennett, and that Bennett was then in possession of them; that he, Miller, had lost money at cards with a man by the name of ' mith, when he was drunk; that Bennett sat by Miller and lent him money which he lost with said Smith, and that he had afterwards sold said negroes to Bennett in payment of said borrowed money.; that he suspected Bennett and Smith were in partnership in winning his money, and he determined to regain the possession of said negroes. It was also proved that when Miller got to Huntsville, Black went to him and offered to go with him and aid him in regaining the possession of said negroes. Accordingly they went to the house of Murrell and took the said negro away, Bennett being present and forbidding them. Miller raised a stick to strike Bennett, and Black prevented him. It was also proved that Bennett appeared before the justice of the peace as prosecutor, and that Black's character was good.

Upon these facts, the Court below were requested to instruct the jury, that if they believed from the testimony Bennett stated the facts of the case to the justice of the peace correctly, when he applied for the warrant, the circumstance of Bennett's saying that the negroes had been stolen from him, did not make him liable in this action. And if the justice of the peace issued the warrant for robbery, contrary to the complaint made in the said affidavit, that it did not make him liable in this action; although the warrant was read to him and he delivered it to the officer. And further to instruct the jury, that the

JULY 1828.

Bennett
v.
Black.

evidence in the case did not support the declaration. The instructions asked for were refused. This refusal forms the first assignment of error, and as we conceive, covers the whole case; in the examination of which, it will be material to consider in the first place, if an action can be maintained for a malicious prosecution, when the warrant charges a different offence from that alleged in the information upon oath on which it issued? And secondly, could Bennett be made responsible for the act of the justice in issuing the warrant for robbery, when the information did not warrant it?

In considering the first question presented, after having examined the authorities relied on to sustain this point, it appears that in all the cases, the information given charged a particular crime, and that the subsequent proceedings were in accordance with the information upon which they were had. Was this not the case, a person might make oath of a particular offence having been committed, and institute a prosecution thereon, by which he would be subject to the action of the party for the prosecution of a higher crime; thereby giving the prosecution a different character, and increasing the liability of the prosecutor. It has been contended in argument, and is admitted by this Court, that a person may subject himself to this form of action, for carrying on a prosecution in a Court having no jurisdiction of the offence, and when the indictment is defective. In both of the cases put, it will be found that a particular crime was charged, authorized by the facts sworn to by the prosecutor, and although the indictment was defective in the one case, and the Court had no jurisdiction in the other, a prosecution was had and carried on, authorized by the facts charged by the prosecutor. Do the facts then in the present case, as sworn to by Bennett, charge Black with the crime of robbery? It has been conceded in argument, and it is the opinion of the Court that they do not. It then follows as a matter of course, well supported by authority, that the charge in the declaration must correspond with the charge in the warrant, and be supported by the affidavit of the party; otherwise the proof and the allegations in the declaration will differ, contrary to a rule of law, which requires that the proof should not vary from the allegations in the declaration. If this was not the case,

a party would be subjected to several suits for the same cause of action, and a recovery in one would be no bar to a recovery in any other.

The case of Wheelock against Childress, decided in this Court, is decisive of this question. The Court in that case decided, that if the charge in the warrant and declaration varied from the charge in the affidavit, the affidavit would not be received as evidence to support the declaration. The affidavit being received in this case, does not vary the principle, for the question recurs, does it support the declaration? The Court are of opinion that it does not; the affidavit only charges a trespass, and the charge in the declaration is for a robbery, which is one of the highest crimes known to the law.

But it is contended in argument, that the conversations of Bennett, not sworn to, in which he charged Black with stealing his negro, in connexion with the affidavit, makes the charge complete. It would be giving a too liberal construction to make the party in this action liable for that which forms a substantive and distinct cause of action, and for which another form of recovery is provided.

As to the second proposition, the Court are of opinion that if a justice of the peace or any other judicial officer, to whom application may be made for a warrant for the apprehension of offenders against the criminal law of the land, was by mistake of judgement, to conceive that to be felony, which from the facts sworn to, did not amount to that offence, and should the party complained against be committed to jail, it would not subject the party complaining to an action of this sort. If it could, it would subject every prosecutor to an action for the mistakes of the criminal judge, which is too unreasonable to be admitted. We are therefore of opinion that the judgement of the Court below should be reversed. [a]

*a* Leigh v. Webb, 3 Esp. Rep. 165.

M'KINLEY and HOPKINS, for the plaintiff in error, cited 3 East. Rep. 165, 166.

CLAY and M'CLUNG, and HUTCHINSON, for defendant, cited 4 T. 247. 2 Stra. 691. 2 Chit. 299. 7 Eng. Com. Law Rep. 217. Saunders 228 to 230.

Judgement affirmed.

JUDGES TAYLOR and SAFFOLD not sitting.