RANDALL *vs* HENRY.

1. Trespass on the case is the proper action for a malicious prosecution, arising as a *consequence* of information lodged by one against another.
2. Information, charging any offence for which a party may be arrested and prosecuted, will furnish ground for an action of malicious prosecution, irrespective ef the grade of the offence charged, or of the technical accuracy of the warrant issued thereon.
3. *Semble*—It is not essential that a charge, constituting the foundation of an action, for malicious prosecution, should assume the legal certainty and technical precision, requisite to show an indictable offence.
4. Whether the making or altering of a pass (given to a slave,) would constitute forgery, at common law, or by statute— *quare.*
5. But trespass on the case, for malicious prosecution, lays against one charging another before a justice, on which charge he is arrested and prosecuted, with altering a pass.

James Randall declared in Pickens Circuit Court, in trespass on the case for malicious prosecution, against Robert Henry. The declaration consisted of four counts,—setting out,

First—(After the usual inducements)—that the defendant contriving and maliciously intending to injure the plaintiff in his good name, fame and credit, and to bring him into public scandal, infamy and disgrace; and to cause him, the said plaintiff to be imprisoned for a long space of time, and thereby to impoverish and oppress, and wholly ruin him,—theretofore, to-wit, on the thirteenth day of June, A. D. 1829, in the county aforesaid, went and appeared be-

fore one Silas Randall, esquire, then and there being one of the justices, in and for the county of Pickens aforesaid, and then and there before the said Silas Randall, esquire, so being such justice of the peace as aforesaid,—to-wit, in the county aforesaid, falsely and maliciously, and without any reasonable or probable cause whatsoever,—charged the said plaintiff, with having feloniously *obtained* a certain pass, given to his, the said defendant's, negro man Phill: and upon such charge, he the said defendant, falsely and maliciously, and without any reasonable or probable cause whatsoever, caused and procured the said Silas Randall, so being such justice of the peace, as aforesaid, to make and grant his certain warrant, under his hand and seal, for the apprehending and taking off the said plaintiff, and for bringing him, the said plaintiff, before him, the said Silas Randall, esq. being such justice as aforesaid, to answer the above mentioned supposed offence ; and to be further dealt with according to law : and the said defendant, under and by virtue of the said warrant aforesaid, to-wit, on the 13th day of June, A. D. 1829, wrongfully and unjustly, and without any reasonable or probable cause, whatsoever, caused and procured the said plaintiff to be arrested *by* his body, and to be imprisoned, kept and detained in prison for a long space of time, to-wit, for the space of thirty hours, then next following, and until he, the said defendant, afterwards, to-wit, on the 14th day of June, A. D. 1829, falsely and maliciously, and without any reasonable or probable cause whatsoever, caused and procured the said plaintiff to be carried and conveyed in custody, before the said justice, touching and concern-

ing the said supposed crime ; and the said justice of the peace, then and there caused the said plaintiff to be discharged out of custody, fully discharged of the said supposed offence : and that the said defendant had not further prosecuted his said complaint, but had deserted and abandoned the same, and the said complaint and prosecution was wholly ended and determined, to-wit, at the county aforesaid.

*Secondly.* That the defendant further contriving as aforesaid, theretofore, to wit, on the thirteenth day of June, one thousand eight hundred and twenty-nine, in the County aforesaid, went and appeared before one Silas Randall, then and there being a justice of the peace, in and for the County of Pickens aforesaid, and then and there, before the said Silas Randall, esquire, so being such a justice of the peace as aforesaid, to wit, in the County aforesaid, falsely and maliciously and without any reasonable or probable cause whatsoever, charged the said plaintiff with having feloniously *obtained* a certain pass, given to his, the said defendant's, negro man, Phill : and upon such charge he, the said defendant, falsely and maliciously, and without reasonable or probable cause whatsoever, caused and procured the said Silas Randall, so being such justice of the peace, as aforesaid, to make and grant his certain warrant, for the apprehending and taking said plaintiff, and for trying him the said plaintiff, before the said Silas Randall, esquire, to answer the above mentioned supposed offence, and to be further dealt with, according to law : and the said defendant, under, and by virtue of the said warrant, afterwards, to wit, on

5 s. & p.          47

the thirteenth day of June, one thousand eight hundred and twenty-nine, wrongfully and maliciously, and without any probable cause whatever, caused and procured said plaintiff to be arrested by his body, and to be imprisoned and kept and detained in prison for a long space of time, to wit, for the space of thirty hours, then next following, and until he the said defendant, afterwards, to wit, on the fourteenth day of June, one thousand eight hundred and twenty-nine, falsely and maliciously, and without any probable or reasonable cause whatever, caused and procured the said plaintiff to be carried and conveyed in custody, before the said Silas Randall, so being such justice as aforesaid, to be examined before the said justice touching and concerning the said supposed crime : and the said justice of the peace then and there caused the said plaintiff to be discharged out of custody; and the said defendant had not further prosecuted his said complaint, but had deserted and abandoned the same ; and the said prosecutoin was wholly ended and determined.

*Thirdly.* That defendant, further contriving, and wickedly and maliciously intending as aforesaid, theretofore, to wit, on the thirteenth day of June, one thousand eight hundred and twenty-nine, in the County aforesaid, went and appeared before one Silas Randall, esquire, then and there being an acting justice of the peace, in and for the county aforesaid, and then and there, before the said Silas Randall, so being such justice as aforesaid, to wit, on the day and year aforesaid, in the county aforesaid falsely and maliciously, and without any reasonable or probable cause whatsoever, charged, on oath, the said plaintiff, with

ing feloniously altered a certain pass, given to his, hav-defendant's, negro man, Phill: and, upon such charge, he, the said defendant, falsely and maliciously, and without any reasonable or probable cause whatsoever, caused and procured the said Silas Randall, so being such justice, as aforesaid, to make and grant his certain warrant, under his hand, for the apprehending and taking of the said plaintiff, and for bringing him, the said plaintiff before the said Silas Randall, esquire, to answer the above mentioned supposed offence, and to be further dealt with, according to law; and the said defendant, under, and by virtue of the said warrant, afterwards, to wit, on the thirteenth day of June, one thousand eight hundred and twenty-nine, wrongfully and maliciously, and without any reasonable or probable cause whatever, caused and procured the said plaintiff to be arrested by his body, and to be imprisoned, and kept and detained in prison for a long space of time, tow it, for the space of thirty hours then next following, and until he, the said defendant, afterwards, to wit, on the fourteenth day of June, one thousand eight hundred and twenty-nine, falsely and maliciously, and without any probable or reasonable cause whatever, caused and procured the said plaintiff to be carried and conveyed in custody before the said Silas Randall and one Benjamin H. Stribling, one of the acting justices of the peace, in and for the County of Pickens aforesaid, touching and concerning the said supposed crime: and the said last mentioned two justices of the peace, caused the said plaintiff then and there to be discharged out of custody, and set at liberty;

and the said prosecution was wholly ended and determined.

*Fourthly*. That the said defendant, further contriving and wickedly and maliciously, as aforesaid, heretofore, to wit, on the thirteenth day of June, one thousand eight hundred and twenty-nine, at the County aforesaid, falsely and maliciously, and without any reasonable or probable cause, whatsoever, charged the said plaintiff with having committed a certain offence, punishable by law, to wit, felony, and upon such last mentioned charge, he, the said defendant, then and there, to wit, on the same day and year last aforesaid, at the County aforesaid, falsely and maliciously caused and procured the said plaintiff to be arrested by his body, and to be imprisoned, and to be kept and detained in prison a long space of time, to wit, for the space of six days, then next following; and at the expiration of which time, he the said plaintiff was only discharged, and fully acquitted of the said last mentioned offence; by means of which, plaintiff was injured, &c.

To the three first counts the defendant filed a demurrer, and to the fourth, plead, not guilty. In relation to the counts demurred to, the Court sustained the demurrer; and upon the plea and issue to the last, verdict and judgment were rendered for the defendant; from which the plaintiff took a writ of error to this Court.

*Vandegraaffe*, for the plaintiff in error.

The only question here relied on, arises on the de-

murrer.   Was the offence charged, one for which the party could be punished ?

I contend, the charge did amount to a criminal imputation.   The offence, it is admitted, is not forgery or felony, under the statute, but it may be forgery at common law.—2 Russel on Crimes, 317.— The definition of forgery at common law, makes this offence charged, a misdemeanor.   The pass to a negro, is, it is true, of itself, a paper of no value.   It gives no rights; but its alteration may injure the owner.   Suppose one altered so as to extend the time of absence of the slave?   It would surely be an injury to the owner, creating a misdemeanor.—2 Russ. 337.   The forgery of a *protection* to A, as a member of parliament has been held a forgery.

*Ellis* contra.

It is not important, to consider the definition of forgery, at common law.   The case turns upon the question of the particular offence charged.   The affidavit does not charge any offence, known either to the common law, or to our statute: no such paper as a *pass*, is known to the common law: and, if the party has charged no offence, and if the justice chose to make out one, by adding to the affidavit, he is responsible, not the defendant.   The word *"felony"* is not contained in the affidavit.

Case is not the proper remedy.   It is well settled, that trespass is the proper action, where the justice has no jurisdiction, or where his acts are irregular, 1 Chit. P. 168.

SAFFOLD, J.—This was an action on the case,

instituted by the present plaintiff, against the defendant for a malicious prosecution.

The declaration contains four counts : to the three first the defendant demurred, and the Court sustained the demurrer.   On the fourth the defendant took issue, and on the trial, for a variance between the proof and allegation, and perhaps other objections, the proof offered was rejected, and the verdict and judgment were rendered for the defendant.   The rejection of this testimony was excepted to, in the Court below, but is not now relied on.

The decision of the Court, in sustaining the demurrer to the three first counts, is the ground of error now insisted on.

The charge alleged in the declaration is, in substance, that the defendant, Randall, wickedly and maliciously intending to injure and defame him, the plaintiff, and to cause him to be oppressed and deprived of his liberty, appeared before one Silas Randall, a justice of the peace, and there falsely and maliciously, and without any reasonable or probable cause, charged, on oath, the plaintiff, with having " feloniously altered a certain pass, given to his, the said defendant's, negro man, Phill ;" and that, by means thereof, falsely and maliciously, and without any probable cause, procured a warrant, and thereupon, caused and procured him, the plaintiff, to be arrested and imprisoned, &c., from which he was afterwards discharged, and that the prosecution was ended, and abandoned.

It is true, as suggested, that in the two first counts, the word which, from the indorsement on the writ, and the two latter counts in the declaration, ap-

pears to have been intended for " *altered*," is written in the transcript, " *obtained*." This, the counsel for the plaintiff in error insists, is obviously a clerical mistake and which the Court can assume to be such.

The misapplication of the word, in the transcript is so evident, and a presumption that it is, in the original, as contended for, so strong, that, if necessary, the Court might, perhaps feel itself authorised to construe the record as it is presumed to be; but, as the third count, which was also demurred to, contains the word "*altered*," and is, in substance, the same as the allegation above stated, this removes the difficulty, and requires of the Court a decision, whether a prosecution and an arrest and detention, under the circumstances, and for the cause above described, furnishes grounds for an action upon the case against the prosecutor?

The fact appearing from other parts of the record, that the evidence offered under the fourth count, on which issue was joined, would not have been sufficient to sustain either of the three first counts, because the charges made by the defendant did not allege the alteration to have been "*feloniously*" made, is not material. The question was not, whether there was sufficient evidence to establish the facts charged, but, whether the facts as alleged, constituted a cause of action; nor are we authorised to say, that whether the demurrer was correctly determined or not, was immaterial, because the subsequent disclosure of the evidence, shewed that it was variant from the allegations of the counts demurred to, and insufficient to support them.

Though the fact be probable, we are not authoris-

ed to assume that the plaintiff could have introduced no other evidence in support of the former counts. While considering the sufficiency of the allegations, no reference can be had to the sufficiency of the proofs to support them.

Then, the only question is, whether the agency, which the defendant is *charged* to have had, in procuring the prosecution, and the consequences thereof, as described, are sufficient to subject him to this action ?

Assuming the facts to be true, as charged in the counts, it is clear that the plaintiff has been injured, and is entitled to redress, either against the defendant or the magistrate, in this form of action, or in trespass.

The general rule is, that " if the injury be *forcible*, and occasioned *immediately* by the act of the defendant, *trespass viet armis*, is the proper remedy : but, if the injury be not, in legal contemplation, *forcible*, or not *direct and immediate* on the act done, but only *consequential*, then the remedy is by action on the case."[a]

An injury to reputation, which is not *tangible*, can not be said to be *immediate* or *forcible;* therefore, unless this action be sustainable, so much of the alleged injury of the plaintiff, as relates to his reputation, would appear to be without remedy.[b]

On the supposition, that the warrant was issued pursuant to the information given, on oath, by the prosecutor, (and so we are, at present, bound to consider it,) if it be admitted that the charge was false, or if true, that it did not constitute an offence for which there could have been no criminal conviction,

[a] 1 Chit. Pl. 115; 3 East. 593.

[b] 1 Chit. Pl. 116.

yet the magistrate was not responsible for the *consequential* injury to the plaintiff's reputation.

The doctrine, on this point, is said to be, that " in general, no action can be supported against a magistrate, for any thing done by him in that capacity, on the ground of *malice*, and if there be an irregularity, that must be treated as such, in an action of *trespass*. But, with regard to the *party* issuing *irregular* process, there seems no reason, why the person prejudiced, should not be at liberty to support an action on the *case*, against him, where there was no cause of action, and the proceeding was *malicious as well as irregular;* for it would be allowing him to take advantage of his own wrong, to suffer him to turn the plaintiff round on such an objection, after he had, in an action on the case, proved the malicious and unfounded conduct of the defendant; and it is also declared, that where a party maliciously procured a magistrate to issue an illegal warrant, he was held liable in an action on the case.[a]

In the case of *Goslien* vs *Wilcock*,[b] it was held that the action on the case, was sustainable against the defendant, who had instituted a civil suit, in an inferior Court against the plaintiff, and caused him to be arrested, when that Court had no jurisdiction of the cause.

If there be any reason why the responsibility should not be the same, in the case of a criminal prosecution, it is not very obvious. In each case, the prosecution must be malicious, and without any probable cause; and as respects the objection, that the remedy should be *trespass* instead of *case*, it would

[a] 1 Chit. Pl. 169; 2 Chit. R. 304.
[b] 2 Wils 302

5 s. & p. 48

seem to be more applicable to the case last cited, than the one under consideration. In that, the plaintiff was the more immediate actor, than in this: there, the writ issued, as a matter of course, on his demand—here, the prosecutor was the remote cause, but the magistrate, who was required to exercise a judicial discretion, was the intermediate agent—so that the injury was only consequential, to the improper act of the prosecutor.

It is not an objection to this view of the subject, that the prosecutor had the sanction of the magistrate, who was authorised to judge of the propriety of granting the warrant, and that his act constituted an excuse for the prosecutor. *The malice and want of probable cause*, constitute the gist of the action, and for this, the prosecutor is liable; as in the case of *Secor* vs *Babcock*.[a]

In that case, Secor had procured a justice of the peace to issue a warrant to apprehend Babcock, *provided a certain cow, which the prosecutor made oath had been stolen from him, and which he suspected to be in the possession of the accused, should be found in his possession.* On the return of the warrant, the magistrate acquitted and discharged the accused.— The Supreme Court of New York held, that the action for *malicious prosecution* would lie against the *prosecutor.*

I apprehend, that the rule, which requires, in case of arrest, under irregular process, that the remedy shall be by the action of trespass, applies more properly, if not exclusively, to actions against the magistrates granting them, or other offi-

[a] 2 Johns. R. 203.

cers, acting illegally, and whose immediate act pro-
duces the arrest, or other injury complained of—as
in the case of *Morgan* vs *Hughes.*[a]        [a]2T.R.226

There, the supposed prosecutor, had only informed
the defendant, who was a justice of the peace, that
a dispute had arisen, between the plaintiff and him-
self, concerning particular property ; and that, as a
cheap and expeditious mode of decision, he wished
him to investigate and determine the title.   On this,
alone, the magistrate granted a warrant against the
plaintiff, as on a charge of felony, and caused him
to be arrested.

For this cause, the accused brought his action on
the *case*, against the magistrate.   The Court of
*King's Bench* ruled that his remedy against the ma-
gistrate, was by the action of *trespass*, not case.

The distinction between these actions was there
held to be this, that "where the immediate act of
imprisonment, proceeds from the defendant, the ac-
tion must be by trespass, and trespass only, but where
the act of imprisonment by one person, is in conse-
quence of information from another, there, an action
upon the case, is the proper remedy, because the inju-
ry is sustained in consequence of the wrongful act
of that other."

The decision relied upon by the defendant in *Bur-
nett* vs *Black*,[b] does not apply to the main question be-   [b]1 Stewart,
fore us.   This Court, there, only decided that the   494.
*prosecutor*, in action for a malicious prosecution, was
not responsible for the mistake of the justice, in caus-
ing the accused to be arrested, for a different crime,
from the one charged on the oath of the prosecutor.
Admitting that decision to be an authority, sustain-

ing the rejection of the evidence offered on the trial of this cause; yet, it determines nothing, as respects the sufficiency of the counts demurred to.

After the views, which have already been taken, of the question presented by the demurrer, there is but one remaining inquiry. That is, whether the charge, on which the defendant caused the plaintiff to be arrested, was of a nature proper to be made the ground of a malicious prosecution? If the charge was of any offence, for which the plaintiff could be arrested and prosecuted, it was sufficient.

For this purpose, it is immaterial whether it was the highest or lowest grade of crime or misdemeanor. Nor is it material, that the information to the magistrate, or his warrant thereon, should be in the form of technical accuracy. The prosecutor is responsible for the information given by himself, and that only according to its substance and legal effect.

If, as is alleged in the declaration, the defendant charged the plaintiff with having *feloniously* altered the paper, which, in legal contemplation, could not be the subject of *felony*, the more aggravated character of the charge, would not protect him against liability, for attributing the less criminal motive, of a similar nature, which was necessarily embraced in the accusation, as made—by the charge, as alleged, a *fraudulent* alteration was, at least, imputed.

A variety of circumstances may be imagined under which the alteration of a pass, given to a slave, might be made *malo animo*, and from which prejudice might arise to the owner, or others; also, bene-

fit to the offender. The same acts and motives which would constitute *forgery* of the more important description of instruments, may, when employed in the making or alteration of inferior instruments, amount only to misdemeanors at common law; but the latter are no less indictable offences than the former.[a]

[a] 2 Russ. on C. 352-3.

" The fraudulent making or alteration of a writing, to the prejudice of another man's rights," constitutes either forgery or a misdemeanor, according to the nature of the instrument.[b] I would not be understood to intimate, that a paper of the description referred to in these proceedings, would be the subject of *forgery*, either according to the statute of this State, or the common law; or that if it could, by the common law, that the punishment would be other than fine, imprisonment, &c. It is equally clear, that in respect to a great variety of instruments, even a misdemeanor, can not be committed: but I am not prepared to say, that a paper of the description of the one in question, might not be the subject of a *misdemeanor*. The character of the offence, of falsely making or altering such, might depend on the particular import of the paper, the intent of the act, and the effect thereby produced.

[b] Ib 317,353

It was not necessary, however, that the charge should have assumed the legal certainty, and technical precision requisite to show an indictable offence, before an action of the nature of this, can be sustained; and, without deciding whether it was necessary, that such should have been the case, we think it was, at least, sufficient, that the contrary did not appear.

Our code of statutes contains no repeal of the common law, in relation to misdemeanors of the nature referred to.—*The State* vs *Carvood, et al.*[a]

*2 Stewart, 360.*

From these views of the case, we decide that the judgment below must be reversed, and the cause remanded.

LIPSCOMB, C. J., not sitting.