Hunt v. Simonds.

————

HUNT, Appellant, *vs.* SIMONDS *et al.*, Respondents.

1. An action does not lie for a conspiracy to do a lawful act. Thus an action will not lie against the officers of insurance companies for combining to refuse to take insurance on a boat, however malicious their motive.

*Appeal from St. Louis Court of Common Pleas.*

This was an action brought by Hunt against the officers of the various insurance companies in the city of St. Louis, to recover damages for an alleged conspiracy to ruin him in his business. The petition alleged that the plaintiff, for a period of about nineteen years, had followed the business of a steamboat captain and pilot, as a means of support for himself and his family, and during all that time, had been, and had enjoyed the reputation of being, a prudent, competent and trustworthy captain and pilot; that by reason of his long and constant employment in this business, he was not well qualified for any other pursuit; that in November, 1852, he purchased a steamboat, at an expense of $12,000, for the purpose of carrying freight and passengers between St. Louis and New Orleans, and that said boat was in every respect well equipped, sound, seaworthy and suitable for the trade for which she was purchased ; and that afterwards, the defendants, " in combination, confederacy and conspiracy together, wilful and malicious, and with the intent to injure and wholly ruin the plaintiff in his trade and occupation, without

cause, refused to take any insurance on said boat ;" and that it was agreed between the defendants that they would not take insurance upon any boat in which the plaintiff was interested, or with which he was in any way connected, whereby the plaintiff was compelled to sell his boat and abandon his business. He claimed damages to the amount of $100,000. A demurrer to this petition was sustained, and he appealed to this court.

*U. Wright, Leslie & Barrets,* for appellant. 1. Action on the case, in the nature of conspiracy, lies for a civil injury. 7 Cow. 445. 7 Pick. 342. 17 Mass. 182, 186. Brightly's Rep. 143. 1 Binney, 172. 12 Vermont, 533. 2 Bay, 203. 2 Hall, 277. 6 C. & P. 239. 8 S. & R. 522. 5 Watts & S. 192. 6 Watts, 306. 10 Barr, 372. 8 Barr, 369. 2 Hall, 214. Taylor, 80. The scope of the action is much wider than that of the *writ* of conspiracy, (7. Cow. 445, 7 Pick. 549, 6 Watts, 306,) and wider than that of an indictment for conspiracy. 4 Halstead. *Damage* is the gist of the action, not the conspiracy, and as a consequence of this, one of two conspirators may be found guilty in the civil action. Taylor, 80. *Henchman* v. *Ritchie,* Brightly's Rep. 143. 2 Mass. 112. 17 Mass. 182, 186.

2. The conspiracy set out in this case is actionable. A conspiracy is defined to be an agreement or combination to do an unlawful act, or *a lawful act for an unlawful end.* 1 Bouvier, 316. *Henchman* v. *Ritchie, supra.* 4 Metcalf, 111. 5 Harr. & J. 581–2. The law has no legal means to an unlawful end. A combination to ruin and impoverish a man in his business is unlawful *per se.* A baker may refuse me and my family bread, but the bakers of a city cannot lawfully combine and confederate, to the end that I get no bread. So an insurance company may refuse to underwrite for me, but underwriters may not combine and confederate to deny me insurance—to break up my vocation. The demurrer in this case admits that the combination was malicious, and for the purpose of ruining the plaintiff in his business, and that this purpose was accomplished. In 7 Cow. 445, it was decided that an ac-

tion lies against a conspiracy to lessen the profits of a vocation. *A fortiori*, it lies against a conspiracy to *destroy* the vocation.

*Glover & Richardson, Haight & Shepley, Hudson & Thomas, Krum & Harding* and *Kasson*, for respondents. 1. The action for a conspiracy has long since become obsolete, and has been superseded by the action on the case in the nature of a conspiracy. The action did not lie at common law in any case, except where the conspiracy was to indict the party of treason or felony of which he was afterwards acquitted. 2 Wheaton's Selwyn's N. P. 1077. 2. In the modern action on the case, the averment of the conspiracy is immaterial, and need not be proved. The action may be brought against one defendant, or if brought against more, one may be found guilty and the rest acquitted. 1 Ld. Raym. 374. 12 Modern, 208. 1 Saunders, note 4, p. 230. *Hutchins* v. *Hutchins*, 7 Hill, 107. It follows from this, that the true test of the action is, whether it can be maintained against one defendant; and that it can only be maintained where there has been an invasion of a legal right. 7 Hill, 107. 3. It cannot be seriously contended that any one of the insurance companies mentioned in the petition, might not, with impunity, and without giving any reason therefor, have refused to insure the plaintiff's boat or freight bills. Insurance companies are under no legal obligation to underwrite. If any one of them may lawfully refuse to take insurance, the refusal will not be rendered actionable by their conspiracy. *Wellington* v. *Small*, 3 Cushing, 145, 150.

GAMBLE, Judge, delivered the opinion of the court.

The petition in this case charges the defendants, who are officers of various insurance companies in St. Louis, with having combined, confederated and conspired wilfully and maliciously to injure and wholly ruin the plaintiff in his trade and occupation as commander of a steamboat, and having for that

purpose, and with the intent of effecting the object, refused, without cause, to take any insurance upon his boat, whereby he was deprived of all benefit from his occupation, and was compelled to sell his boat and abandon his business. This is the strongest statement of the plaintiff's case, set out in his petition. To this petition, there was a demurrer which was sustained by the court below, and the case is brought here to determine the sufficiency of the petition.

1. Among the numerous cases which have been examined, there has been no one found which presents an aspect like the present. All the cases in which damages have been recovered for injuries produced by individuals conspiring against another, are cases in which some positive act was done by the defendants, in pursuance of a common intent. Here the damage to the plaintiff is alleged to have been produced by the refusal of the defendants to make contracts in the ordinary line of their business. It is obviously the right of every citizen to deal or refuse to deal with any other citizen, and no person has ever thought himself entitled to complain in a court of justice of a refusal to deal with him, except in some cases where, by reason of the public character which a party sustains, there rests upon him a legal obligation to deal and contract with others. Innkeepers, who are bound to entertain strangers, and common carriers, who are bound to undertake the transportation of goods, are among such exceptions. But such is not the obligation of underwriters. The business of insuring is but a game of hazard, and there are a great many elements entering into the calculations upon which it can be safely pursued. The seaworthiness of every vessel upon which insurance is asked, is made up of its staunchness and suitable equipment, and the skill, competency and fidelity of its officers and crew ; and upon each of these points, very different opinions may be entertained by different persons, as is shown by the cases in which such questions have been in controversy. A man may possess the requisite skill to command a boat, and yet an underwriter may be unwilling to take the hazard of his fidelity, although it

may be impossible to prove any particular act of misconduct. While, in the present case, we are to take the plaintiff to be, as is alleged in his petition, a skillful, competent and faithful commander, yet the right of the defendants still remains unaffected, which is to decide for themselves whether they will put their money at risk or not, by insuring upon property under his charge. To assert the contrary, is to assert that underwriters are bound in law to insure property whenever insurance is asked, and the vessel is staunch and well equipped, and provided with competent and faithful officers and crew. If, under such circumstances, they are not bound to insure, then the refusal to insure is not the denial of any right belonging to the owner of the property upon which insurance is sought.

The present action, then, is founded upon the idea that the defendants are responsible for an injury sustained by the plaintiff in his occupation, because they conspired to effect that injury, although the means employed were not, in themselves, illegal or immoral.

A writ of conspiracy, properly so called, did not lie at the common law in any case but where the conspiracy was to indict the plaintiff of treason or felony, and a verdict had been rendered in his favor. 1 Saund. 230, note 4. *Jones* v. *Baker*, 7 Cowen, 449. This remedy required that two persons, at least, should be charged, and the judgment must be rendered against two, upon the ground that the conspiracy being the basis of the proceeding, it was necessary to the establishment of the conspiracy that two should be convicted.

The writ of conspiracy has given place to the action on the case, in the nature of a writ of conspiracy, and this action may be sustained against one alone. *Skinner* v. *Gunton*, 1 Saund. 228. *Laville* v. *Roberts*, 1 Ld. Raym. 378–9. *Jones* v. *Baker*, 7 Cowen, 445. *Hutchins* v. *Hutchins*, 7 Hill, 107. *Kirtley* v. *Deck*, 2 Munf. 22.

In a criminal prosecution for a conspiracy, the conspiracy is the criminal act for which the defendant is to be punished, and the indictment will lie although no act has been done in

pursuance of the unlawful combination. The allegation of acts injurious to individuals or to the public, is only an allegation in aggravation of the offense. *Rex* v. *Edwards et al.*, 8 Mod. 320. *King* v. *De Berenger*, 3 Maule & Selw. 68. *The King* v. *Gill & Henry*, 2 Barnw. & Alder. 204. *The State* v. *Buchanan et al.*, 5 Har. & John. 352. *The State* v. *Cawood et al.*, 2 Stew. 363.

In a civil action on the case for a conspiracy, the gist of the action is the damage which the plaintiff has sustained by the acts of the defendants, and the allegation of a conspiracy need not be proved. 1 Saund. 230, note 4. *Laville* v. *Roberts*, 1 Ld. Raym. 378. *Sheple & Warner* v. *Page*, 12 Verm. Rep. 533. In *Hutchins* v. *Hutchins*, 7 Hill, 107, it is said: " The conspiracy or combination is nothing, so far as sustaining the action goes ; the foundation of it being the actual damage done to the party." It is upon this ground only that those cases rest, which allow a recovery against one defendant when the others are acquitted.

As it is the settled law that, in an action on the case in the nature of a writ of conspiracy, the plaintiff may have judgment against one defendant, although he may have no cause of action against the others, we are assisted in determining the character of the case which will support such action ; and the conclusion would seem to be unavoidable, that the action can only be sustained against several, where the acts complained of would sustain an action against one of the defendants ; in other words, that the number of the defendants sued, and the allegation that they conspired together, do not authorize the plaintiff to maintain his action, when he could not maintain it against one defendant, if sued alone. In *Wellington* v. *Small et al.*, 3 Cushing, 149, it is said by the Supreme Court of Massachusetts, " As to the first of these averments, (that there was a conspiracy,) it may be remarked that, if an act is done by one alone, which is no cause of action, a like act is not rendered actionable by being done in pursuance of a conspiracy. In an action on the case in the nature of a conspi-

racy, the gist of the action is not the conspiracy, (as it is in an indictment, and was in the old writ of conspiracy,) but the damage done to the plaintiff." The only use in charging the conspiracy is, to make the defendants responsible for the acts of each other, done in pursuance of the common design.

In the present case, it is alleged that the object of the conspiracy was to injure the plaintiff in his business. I lay out of view the expletives in the petition of " impoverishing and ruining the plaintiff," for the degree of injury designed and effected has nothing to do with the question, whether the petition states a cause of action. It is also alleged that the defendants, in the acts which were designed to effect their object, were influenced by malice toward the plaintiff. The important allegation in determining whether this action will lie, is that which states the acts of the defendants, which were intended to effect their object. The act charged is, that they refused to take insurance upon the plaintiff's boat.

Now it is believed to be beyond controversy that each of the defendants might have declined to take any insurance on the plaintiff's boat, and that, too, from hatred and malice towards the plaintiff, and such individual would not have been liable to an action for such refusal. Nor is it supposed to be less clear that the whole of the defendants might, without combination with each other, have refused the insurance, and none of them would have been subject to an action. If, then, the action can be maintained, it must be on the ground that the defendants have agreed, among themselves, that each would take no insurance on the plaintiff's boat, and thereby he was injured. If this fact will sustain the action, it must be because the conspiracy itself is an important part of the cause of action. Yet it is clear, from authority, that the conspiracy need not be proved, and that it is not the ground of the action.

It is argued here that the conspiracy of the defendants was to injure the plaintiff in his lawful business, and although such injury was effected by conduct not in itself illegal, yet the defendants are responsible for an injury done to the plaintiff by

their acts, because they were used for an unlawful end. Some expressions have been quoted from the opinions of judges to sustain this position. A single sentence in the charge delivered by Judge Burnside to the jury, when sitting at *nisi prius*, in the case of *Hinchman* v. *Ritchie*, Brightly's Rep. 159, has been quoted. The judge says : " So a conspiracy to do a lawful act, if for an unlawful end, is indictable." The next sentence in the charge is in these words : " Where men combine and conspire to do *an unlawful* act, which oppresses another or unjustly subjects him to the power of those confederating, it gives effect to their purpose, either of extortion or mischief ; such conspiracy affords a civil remedy for damages by an action on the case. In general, there must be a common design to do *an unlawful* act."

It appears by an examination of the cases that, to render the parties to a conspiracy liable to a civil action, the acts which they agree to do must be unlawful. In *Mott* v. *Danforth*, 6 Watts, 306, it is said, that an action on the case lies wherever the plaintiff is aggrieved and damnified by *unlawful acts* done by the defendants, in pursuance of a combination and conspiracy for that purpose. In *Jones* v. *Baker*, it is said : " The plaintiff showed damage, and if it resulted from the *wrongful acts* of the defendants, or either of them, he was entitled to recover." In *Adams et al.*, v. *Paige et al.*, 7 Pick. 550, it is said : " It is not necessary, to maintain an action on the case, that there should be any moral turpitude in the act complained of. It lies wherever a damage is occasioned by *a wrong done*." In *Gregory* v. *The Duke of Brunswick*, 47 Eng. Com. L. R. 281, Carr. & Kir. 30, Chief Justice Tindall held that, although persons attending the theatre had a right to express their free and unbiased opinions on the merits of actors, yet they had no right to go there upon a preconcerted plan to make such a noise that a particular actor, without regard to the merits of his performance, should be driven from the stage, and that, for damages resulting to plaintiff, from such acts, the defendants were liable in an action on

the case. The acts in that case were beyond the license which the attendants upon the theatre possessed, and were consequently unlawful. The same case was before the court on a motion for a new trial, in 6 Mann. & Granger, 46 Eng. Com. L. R. 963, and it was held that the direction of the chief justice, given to the jury, was correct.

There are *dicta* in some of the cases to the effect that a civil action may be maintained for damages resulting from a conspiracy, where no act has been done in pursuance of the agreement. In *Patten et al.*, v. *Gurney et al.*, 17 Mass. 186, the Chief Justice, in delivering the opinion of the court, says : " If the fraud is actually committed, it is not necessary to allege a conspiracy, which is, of itself, a criminal act, and may be indicted or *sued for*, although the act intended to be done is left unexecuted, provided any damage happen in consequence of the conspiracy." In *Haldeman* v. *Martin*, 10 Barr, 372, the Chief Justice says : " A conspiracy to do an illegal thing is actionable, if injury proceed from it." Now it is not consistent with the authorities, that an action can be maintained for a conspiracy, without any act to carry out its object, and it is not readily perceived that damage could result to a plaintiff from a mere agreement of defendants to do certain acts which they never attempted.

In the present case, the act charged upon the defendants, as having been done by preconcert, was an act which each and every one of the defendants had a right to do, and was no violation of any right which the plaintiff could claim under the law. He had no right in law to demand insurance upon his boat from one or all of the defendants, nor that they should insure cargo upon his boat, and, consequently, their refusal to insure, from any motive, however improper, could give him no right to sue them. The moment it is established that the conspiracy is not a substantial ground of action, it follows that no action can be brought to recover damages for the joint act of several, unless the act itself is illegal.

This is a case in which the plaintiff alleges that he has suf-

fered great injury from the conduct of the defendants, but if the injury results from an exercise of their legal rights, he has no redress. While the law professes to redress every injury sustained by the citizen, by the violation of any of his rights, it cannot, for his benefit, violate the rights of others. There are very many cases in which individuals sustain damage by the acts of others, when such acts are consistent with law. In such cases, the law furnishes no compensation for the damages sustained. If an individual was known to be under an engagement to furnish a large quantity of any article, in a short time, at a stipulated price, and others, from hostility to him, should purchase all of the article in the market, and refuse to sell to him except at a ruinous price, so that he could not comply with his engagement, it would be difficult to find any principle upon which he could maintain an action against them, and recover the damage he had sustained in consequence of failing to comply with his contract. Although his ruin might be the consequence, he must bear it. In the present case, taking the petition to be true, as we must upon the demurrer, the plaintiff has sustained great damage by the conduct of the defendants, but, unless we are prepared to say that he had a right to demand that insurance should be taken on his boat, we can find no violation of any of his legal rights.

The judgment ou the demurrer is affirmed.