1. INJUNCTION—CONTRACTS—RESTRAINT OF TRADE—RIGHTS OF THIRD PARTIES.

Where certain insurance companies formed an exchange, and bound themselves to refrain from paying commissions to a broker offering insurance unless he was approved by the exchange, and holding a license procured by conforming his business to certain rules thereof, plaintiff, who was a broker, and was unwilling to conform to the rules, on alleging an immemorial custom to pay commissions to any broker bringing insurance was not entitled to an injunction restraining the exchange from carrying out the agreement with its members, as being in restraint of

trade, since such ground is merely a defense when the contract is sought to be enforced against a party thereto.

2. SAME—UNLAWFUL BUSINESS COMBINATION.

The agreement was not an unlawful combination affecting the rights of third parties merely because there was a custom to pay commissions to any broker bringing insurance, and plaintiff, who was not willing to conform his business to the rules of the exchange, was consequently affected thereby; but such agreement was merely an exercise of the right by defendants to select the persons with whom they would do business.

Bill by Moses Tanenbaum against the New York Fire Insurance Exchange and others. Motion for injunction pendente lite. Denied.

Leo N. Levi, for the motion.

John E. Parsons, Charles Francis Stone, and Brainard Tolles, for defendant New York Fire Ins. Exch., and certain individual defendants.

John Notman, for defendants Hanover Fire Ins. Co. and Greenwich Ins. Co.

BISCHOFF, J.   The gravamen of the action is the attitude assumed by certain fire insurance companies towards the business of fire insurance brokers, and finding its practical expression in the agreement by which the defendant Fire Insurance Exchange came into existence.   It appears that the members of this exchange, all being insurance companies or underwriters, or representatives of such, being desirous of maintaining a uniform rate of premium for insurance within certain territorial limits, have, by their agreement of membership, bound themselves to refrain from paying commissions to a broker offering insurance unless the broker is one approved by the exchange, and possessing a license issued as evidence of that approval.   To procure the license the broker is required to conform to certain rules of the exchange in the regulation of his business, and, among other things, to agree not to give any part of the commission to his customer, the insured, or to accept any commission in excess of the rate of commission as fixed by the exchange. Alleging an immemorial custom among fire insurance underwriters to pay commissions to any broker bringing insurance, the plaintiff, doing business as an insurance broker, but unwilling to conduct that business in the manner required of a licensee of the exchange, now seeks, by a preliminary order in an action for that purpose, to enjoin the carrying out of the agreement between the exchange and such of its members as have been made parties defendant; the ground of the attack being that the agreement is illegal, either as in restraint of trade, or as evidencing a conspiracy directed against his lawful occupation.   Much has been said upon the argument for and against the association of these companies under the agreement before me, and the best interests of the public are asserted variously to be coincident with the personal interest of each side; but, as I view the situation, the result of this motion does not depend upon my discovery of the better altruist, when construing the agreement, for, assuming that the provisions which affect the

plaintiff are in restraint of trade, he cannot maintain an action to enjoin the contracting parties from their voluntary observance of their promise. As actually effective, this agreement causes the insurance companies to decline to pay for business brought by the plaintiff, because he is not recognized as a broker; and the injunction is desired upon the theory that, if not compelled to observe the agreement, the companies will recognize him, and will pay him for services which, while the agreement stands, they decline to accept. The accomplishment of this result, however, if the agreement is void as in restraint of trade, requires no injunction in its aid; for the defendant companies could repudiate the void contract and incur no penalty in giving the plaintiff all he asks as safely without as with the injunction. To be of value, other than academic, then, the finding that the agreement is in restraint of trade must lead to something more than an injunction to restrain its carrying out. The order must go further, and prohibit the refusal to pay commissions, upon the part of the defendant companies; that is, it must direct that to be done which the companies, in the course of an illegal contract, promised not to do. But to reach this result the court must first find that apart from any question of the contract, and assuming that it had never been made, the plaintiff could insist, as of legal right, that his business be accepted by the companies, and that he be paid commissions for bringing that business. Nothing in the case can possibly justify any such conclusion. The allegation that commissions are paid to brokers in accordance with immemorial custom does not import a vested right in every broker to demand commissions and to enjoin a threatened refusal. If the company should accept the business brought, and should recognize the broker in the transaction, custom could, of course, mold the rights of the parties, as in the case of all contracts where a custom intervenes, but certainly no custom can make an agreement for parties where one declines to contract. Gulf, C. & S. F. R. Co. v. Miami S. S. Co., 30 C. C. A. 142, 86 Fed. 420. My conclusion that the injunction asked cannot be granted for the assumed illegality of the contract, as in restraint of trade, is supported by authorities directly to the effect that illegality, upon such a ground, is merely matter of defense to the contract when sought to be enforced against a party thereto, and gives no rights to third parties which may be enforced by action in their behalf. Steamship Co. v. McGregor, 23 Q. B. Div. 619, [1892] App. Cas. 51; Manufacturing Co. v. Hollis, 54 Minn. 223, 55 N. W. 1119. Nor do I think that the facts bring the case within the principles under which the acts of persons unlawfully combining together to the intended detriment of another's business may be restrained. The plaintiff is affected by the agreement in question because his method of business is such that he may lose in the performance of outstanding contracts should he conform to the requirements of the exchange; but this is merely the result of a situation in which the defendants, by regulating the qualifications of persons to whom they will pay commissions, have exercised the right to select the persons with whom they will do business,—an attitude which is perfectly lawful, when assumed by one or by many (Davis

v. Hoisting Engineers, 28 App. Div. 401, 51 N. Y. Supp. 180), and none the less lawful in the case of insurance companies (Hunt v. Simonds, 19 Mo. 583; Queen Ins. Co. v. State [Tex. Sup.] 24 S. W. 397, 22 L. R. A. 483). The combination, such as it is, has not been shown, upon the facts presented, to fall within any of the legal definitions of a conspiracy, and many of the essential characteristics are lacking. See Macauley v. Tierney (R. I.) 33 Atl. 1, 37 L. R. A. 455.

Motion denied, with $10 costs.