WILLIAM S. BARKER *vs.* WILLIAM STETSON & others.

Making a complaint to a magistrate does not render the complainant liable in trespass for acts done under a warrant issued thereon by the magistrate, even if the magistrate has no jurisdiction.

ACTION OF TORT for entering the plaintiff's shop, and taking and carrying away therefrom two casks of intoxicating liquors. The answer denied the entry and the taking.

At the trial in the court of common pleas, before *Sanger*, J., the plaintiff introduced evidence that the defendants signed and made oath to a complaint to a justice of the peace, under *St.* 1852, *c.* 312, § 14, praying him to issue his warrant for the seizure of the plaintiff's liquors, and a warrant was issued thereon by said justice, and served by a deputy sheriff by entering the shop and seizing the liquors.

The defendants contended, and the court ruled, that upon this evidence the plaintiff could not maintain his action.  The plaintiff became nonsuit, and alleged exceptions to the ruling.

*J. P. Converse*, for the plaintiff, cited *Hayden* v. *Shed*, 11 Mass. 500 ; *South* v. *Rice*, 11 Mass. 507 ; *Albee* v. *Ward*, 8 Mass. 79 ; *Winslow* v. *Hathaway*, 1 Pick. 211 ; *Melvin* v. *Fisher*, 8 N. H. 406 ; *Baldwin* v. *Whittier*, 16 Maine, 33 ; *Wickliffe* v. *Sanders*, 6 T. B. Monr. 296.

5*

*B. F. Butler*, for defendants.

METCALF, J.* The defendants made a complaint to a magis-trate, under *St.* 1852, *c.* 322, § 14, and therein prayed him to issue process for the seizure of the plaintiff's liquors; and they did nothing more. The magistrate issued the process, and an offi cer served it according to its precept. The section of the stat-ute, under which this process was issued, being unconstitutional, the magistrate had no jurisdiction; the process was void; and the service of it was a trespass upon the plaintiff, for which the magistrate and the officer are answerable. *Fisher* v. *McGirr*, 1 Gray, 1. *Kelly* v. *Bemis*, 4 Gray, 83. Are the defendants also answerable, in the form of action which the plaintiff has adopted? It is quite clear that they are not. The authorities are conclusive that, when a person does no more than to prefer a complaint to a magistrate, he is not liable in trespass for the acts done under the warrant which the magistrate thereupon issues, even though the magistrate has no jurisdiction. If the complaint is malicious, and without probable cause, the com-plainant may be answerable in another form of action. *Brown* v. *Chapman*, 6 C. B. 365. *Carratt* v. *Morley*, 1 Gale & Dav. 275, and 1 Ad. & El. N. R. 18. *Cooper* v. *Harding*, 7 Ad. & El. N. R. 928. *West* v. *Smallwood*, 3 M. & W. 418, and Horn & Hurlst. 117. *Barber* v. *Rollinson*, 1 Cr. & M. 330, and 3 Tyrwh. 266. See also a recognition of this doctrine by Lord Campbell, in *Chivers* v. *Savage*, 5 El. & Bl. 701.         *Exceptions overruled.*

---

* The remainder of the cases for this term (except when otherwise stated) were argued at Boston in January 1857, before all the judges except the chief justice.