## TEAL v. FISSEL.[1]

### ASHER v. SAME.

(*Circuit Court, E. D. Pennsylvania.* June 29, 1886.)

1. **MALICIOUS PROSECUTION—FALSE IMPRISONMENT.**

   To sustain an action for malicious prosecution it must appear that the prosecutor was actuated by malice, without probable cause; and to sustain an action for false imprisonment it must appear that he was guilty of some improper conduct connecting him with the unlawful arrest.

2. **SAME—WARRANT—WHO LIABLE WHEN ERRONEOUSLY ISSUED.**

   If the offense charged is of a public nature, and a justice, through error of judgment, issues a warrant when none should issue, or an erroneous warrant in substance or form, the error is his alone; but if the object in view is the protection or enforcement of a statutory private right, and a warrant is procured where none is authorized, and an arrest made, the individual procuring it, and all others participating, are held responsible.

At Law.

*F. E. Brewster, Samuel Hepburn, Sr.,* and *F. Carroll Brewster,* for plaintiffs.

*F. E. Beltzhoover* and *S. Hepburn, Jr.,* for defendant.

BUTLER, J. To render a prosecutor (one who makes information on which a warrant of arrest for crime is grounded) liable to suit, either in trespass for false imprisonment, or case for malicious prosecution, he must be guilty of some wrong towards the party arrested. The policy of the law forbids that he shall be held responsible except under such circumstances. In an action for malicious prosecution it must appear that he was actuated by malice, without probable cause; and in an action for false imprisonment it must appear that he was guilty of some improper conduct, connecting him with the unlawful arrest. In either case, if he have probable cause to believe a crime has been committed, and does no more than make information of the facts, he is not responsible for the arrest which follows. If the justice, through error of judgment, issues a warrant when none should issue, or an erroneous warrant, in substance or form, the error is his alone. If, in the latter case, the accused is arrested, the justice, and all others actively engaged in making the arrest, are responsible for the unlawful interference with the defendant's person.

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

Their only justification is the warrant, and that, being unlawful, affords no protection. To hold the prosecutor responsible in such case, who simply discharges a public duty in making information of a supposed offense, would not only be grossly unjust to him, but would also be highly injurious to the public interests. What reason or excuse can be suggested for holding him responsible for the justice's mistake? He has nothing to do with issuing the writ; no authority or influence respecting it. It is the justice's duty to pass upon the facts, and determine whether a warrant shall issue. His functions are judicial. This is all so plain that no question could be raised respecting it but for the loose and inconsiderate expressions to be found in a few reported cases. No instance was cited by the learned counsel, in which a prosecutor was ever held responsible for an honest statement of facts, where he supposed a public offense had been committed.

There is a class of cases in which individuals who institute proceedings for arrest (where such proceedings are not authorized by law) may be held responsible. In these cases, however, the individuals are not prosecutors in the ordinary and proper sense of the term. No offense against the public (no crime) is charged. The object in view is the protection or enforcement of a private right; as where a creditor is allowed to proceed by arrest, under the peculiar circumstances described in a statute authorizing the warrant. Here (and in similar cases) a special jurisdiction is conferred; and if a warrant is procured where none is authorized, and an arrest made, the individual procuring it, and all others participating, are held responsible.

The failure to distinguish this class of cases, where individuals are proceeding on their own account, for their own private benefit, from public prosecutions for crime, where the prosecutor represents, not himself, but the public, has led to the confusion and inconsiderate remarks occasionally found in the books. The cases of *Maher* v. *Ashmead*, 30 Pa. St. 344; *Curry* v. *Pringle*, 11 Johns. 444; *Gold* v. *Bissell*, 1 Wend. 210; *Rogers* v. *Mulliner*, 6 Wend. 597; *Vredenburgh* v. *Hendricks*, 17 Barb. 179, belong to this class. *Baird* v. *Householder*, 32 Pa. St. 168, and *Kramer* v. *Lott*, 50 Pa. St. 495, cited by the plaintiff, decide nothing more than that the form of action there adopted was wrong. The question of liability in another form was not discussed nor considered, and the incautious observations dropped respecting it are of no value.—The subject is so fully considered in *Von Latham* v. *Libby*, 38 Barb. 339; *Stewart* v. *Hawley*, 21 Wend. 552; and *West* v. *Smallwood*, 3 Mees. & W. 418,—that nothing further need be added.

In the case before us the defendants (the plaintiffs here) were supposed to be guilty of a public offense,—a crime. The justice had full and unquestionable jurisdiction, as he has of all criminal charges. The prosecutors did no more than lay the information before him. It is true, they say they went to obtain a warrant, and it is probable

they told the justice that they desired the writ. But this is substantially what is done in every case. The prosecutor would not visit the justice if he did not think a warrant should issue; the object of his visit is to procure it. He has no control, however, over the justice, and knows that the warrant will issue or not as the justice may determine. If, through improper motives and improper means, he induces the justice to proceed, a different case is presented. Here the prosecutors honestly believed an offense had been committed. and that the information laid before him was truthful. They were therefore in no respect responsible for what followed.

If responsibility exists, it is upon the justice, and the constable who executed the warrant. We do not mean to intimate that they are responsible; the question is not involved. If such responsibility exists, it arises out of the justice's mistake. To hold the prosecutors liable for this would, as before suggested, be not only unjust to them, but injurious to the public.

Judgment will therefore be entered for defendants on the second point presented on the trial, and reserved for future consideration. If it may be said that the point assumes the facts on which it is based, it may be answered that the case justifies the assumption. These facts were not open to controversy, and the court was therefore bound to take them as here stated, and rule the case as we now do; in other words, to instruct the jury that there was no evidence of wrongful conduct on the defendants' part, and therefore that the suit cannot be sustained.