[No. 14626.   Department One. — April 28, 1892.]

E. E. KRAUSE, APPELLANT, *v.* TONY SPIEGEL, RE-
SPONDENT.

MALICIOUS PROSECUTION — ARREST ON A CHARGE OF SLANDER — FALSE IM-
PRISONMENT. — The arrest and imprisonment of a person on a charge which did not constitute a criminal offense, such as a charge of slander, cannot be made the basis of an action for a malicious prosecution, although it might warrant an action for false imprisonment.

ID. — STATUTE OF LIMITATIONS. — Under the provisions of the Code of Civil Procedure, an action for false imprisonment is barred in one year, and an action for malicious prosecution in two years.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion.

*F. J. Kierce,* and *Wheaton, Kallock & Kierce,* for Appellant.

The action is for malicious prosecution, and is maintainable. (*Dennis* v. *Ryan,* 65 N. Y. 385; *Collins* v. *Love,* 7 Blackf. 416; *Forrest* v. *Collier,* 20 Ala. 175; *Boon* v. *Maul,* 3 N. J. L. 863; *Farlie* v. *Danks,* 30 Eng. L. & Eq. 115; *Morris* v. *Scott,* 21 Wend. 281; 34 Am. Dec. 236; *Goslin* v. *Wilcock,* 2 Wils. 302; *Smith* v. *Cattel,* 2 Wils. 376; *Chambers* v. *Robinson,* 1 Strange, 691; *Elsee* v. *Smith,* 1 Dowl. & R. 97; *Stone* v. *Stevens,* 12 Conn. 219; 30 Am. Dec. 611; *Kline* v. *Shuler,* 49 Am. Dec. 402; *Hays* v. *Younglove,* 7 B. Mon. 545; 3 Lawson's Rights and Remedies, sec. 1088, and cases cited; *Stancliff* v. *Palmeter,* 18 Ind. 321.)

*James H. Budd,* for Respondent.

The complaint did not state facts sufficient to constitute a cause of action for malicious· prosecution. (4 Wait's Actions and Defenses, 337; *Leigh* v. *Webb,* 3 Esp. 165; *Turpin* v. *Remy,* 3 Blackf. 216; *Bixbey* v. *Brundige,* 2 Gray, 129; *Marshall* v. *Betner,* 17 Ala. 835; *McNeely* v. *Driskill,* 2 Blackf. 254; *Bennett* v. *Black,* 1 Ala. 494; *Cohn* v. *Morgan,* 6 Dowl. & R. 8; *Cockfield* v. *Braveboy,* 2 McMull. 270; 39 Am. Dec. 123, and cases cited; *Painter* v. *Ives,* 4 Neb. 122.)

BELCHER, C. — It is alleged in the complaint in this case that in December, 1887, the defendant appeared before a justice of the peace, and falsely and maliciously, and without reasonable or probable cause, made a verified complaint charging plaintiff "with having committed slander of and concerning defendant," and procured the justice to issue a warrant for the arrest of plaintiff upon said charge; that the justice issued the warrant accordingly, and plaintiff was arrested and imprisoned thereunder for six hours, when he was released by the justice upon his own recognizance; that thereafter plaintiff was examined before the justice upon the said charge of slander, and no one appearing to prose-

cute, he was acquitted and discharged; that the said charge and the arrest of plaintiff thereunder was extensively published by the procurement of defendant, and by reason thereof plaintiff was greatly injured in his business, credit, and reputation; that defendant well knew he had no cause for the arrest of plaintiff, and that he swore to the warrant for the purpose and with the intent of harassing and annoying plaintiff, and that the same did harass and annoy him; and that by reason of the premises, plaintiff suffered damage in the sum of ten thousand dollars, for which he asked judgment.

The action was commenced more than a year after the alleged discharge of the plaintiff, and the defendant demurred to the complaint, upon the grounds that it did not state facts sufficient to constitute a cause of action; that several causes of action were improperly united; and that each of the causes of action sued upon was barred by the provisions of section 340, subdivision 3, of the Code of Civil Procedure.

The court below ruled that the complaint did not state facts sufficient to constitute a cause of action for malicious prosecution, and that the causes of action stated, so far as they were for false imprisonment and libel, were barred by the provisions of the statute pleaded. The demurrer was accordingly sustained, and the plaintiff declining to amend, judgment was entered that he take nothing by his action, and that defendant recover his costs. From that judgment the plaintiff appeals.

The only question is, Did the complaint state a cause of action for malicious prosecution?

The rule is general, and supported by all the decisions and text-books upon the subject, that when one maliciously, and without reasonable or probable cause, institutes or prosecutes, in a court having jurisdiction of the matter, a criminal proceeding against another, the proceeding, when terminated in favor of the accused, furnishes the basis for an action for malicious prosecution.

In some of the states it has been held that if the court had no jurisdiction of the criminal proceeding, still an

action for malicious prosecution might be maintained; but in other states a contrary rule has been declared. (See 3 Lawson's Rights and Remedies, sec. 1088; 4 Wait's Actions and Defenses, 338, and cases cited.)

In some cases it has been held that where one maliciously and without probable cause charged another with a crime, for which he was arrested and held to answer or put upon trial, an action for malicious prosecution would lie, though the facts charged did not constitute a crime. A leading case of this class is *Dennis* v. *Ryan*, 65 N. Y. 385. There the plaintiff had been indicted upon the testimony of the defendant for the crime of forgery, and acquitted upon the ground that the acts complained of did not constitute the crime alleged, or any crime. The action was for malicious prosecution in falsely and maliciously charging and causing the plaintiff to be indicted, arrested, and tried for the crime of forgery. The plaintiff recovered judgment, and on appeal the judgment was affirmed by a divided court.

So in several cases it has been held that an action for malicious prosecution might be maintained, though the information or indictment were defective, and no conviction could be had thereunder; "for in either case, whether the indictment be good or bad, the plaintiff is equally subjected to the disgrace of it, and put to the same expense in defending himself against it." (3 Lawson's Right and Remedies, sec. 1090.)

This case is not like any of those before referred to. Here no criminal prosecution was commenced or prosecuted against the plaintiff. The only charge made before the magistrate was, that the plaintiff had slandered the defendant. This was not a charge of a criminal act, and it furnished no ground whatever for the issuance of a warrant of arrest. But when the warrant was issued, and the plaintiff was arrested and imprisoned under it, a cause of action for false imprisonment at once arose in his favor, and if suit had been brought in time, it could without doubt have been maintained. There is, however, a distinction between an action for false imprison-

ment and an action for malicious prosecution. Under the old practice the former was called an action of trespass, and the latter an action on the case; and under our statute the former is barred in one year (Code Civ. Proc., sec. 340, subd. 3), and the latter in two years. (*McCusker* v. *Walker,* 77 Cal. 212.)

No case has been called to our attention in which it was held that an action for malicious prosecution could be maintained upon facts similar to those presented here; and there are several cases holding to the contrary.

In *Hahn* v. *Schmidt,* 64 Cal. 286, it is said: "In *Leigh* v. *Webb,* 3 Esp. 164, Lord Eldon ruled that if a party makes a complaint before a justice, which the justice conceives to amount to a felony, and issues his warrant against the party complained against, and the facts do not amount to felony, no action for malicious prosecution will lie against the party who made the complaint." And it is further said: "We are unable to find any English case in which *Leigh* v. *Webb, supra,* has been overruled, or the soundness of the views expressed by Lord Eldon even questioned."

In *McNeely* v. *Driskill,* 2 Blackf. 258, it appeared that Driskill had been arrested on a warrant issued by a justice of the peace on an affidavit of McNeely, which did not authorize the justice to issue it, and had been discharged. Thereupon Driskill brought an action against McNeely for wrongfully and maliciously prosecuting him on a charge of larceny, and obtained judgment. On appeal, the court said: "The affidavit shows a state of facts on which an action of trover might have been maintained, but it contains no charge of larceny against any person. The appellant had lost his property and wished to recover it; he states that fact to a justice of the peace. The justice forms his judgment upon the facts stated; he issues his mandate to an officer to search for the property, and to bring the person in whose possession it may be found before himself or some other justice of the peace, etc. This was an error, but it is the error of the justice, and not of the appellant. And

if a justice of the peace, by mistake of judgment, conceives an act to be felony which is not felony, and in consequence of that mistake causes an innocent person to be arrested and imprisoned, the law will not hold the person who made the complaint responsible, in this form of action, for the consequences of such errors."

In *Turpin* v. *Remy*, 3 Blackf. 216, the court said: "An action for a malicious prosecution can only be supported for the malicious prosecution of some legal proceeding before some judicial officer or tribunal. If the proceedings complained of are extra-judicial, the remedy is trespass, and not an action on the case for a malicious prosecution." In *Bennett* v. *Black*, 1 Stew. 494, it was said: "The court are of opinion that if a justice of the peace or any other judicial officer to whom application may be made for a warrant for the apprehension of offenders against the criminal law of the land was, by mistake of judgment, to conceive that to be felony which from the facts sworn to did not amount to that offense, and should the party complained against be committed to jail, it would not subject the party complaining to an action of this sort [malicious prosecution]. If it could it would subject every prosecutor to an action for the mistakes of the criminal judge, which is too unreasonable to be admitted." In *Newman* v. *Davis*, 58 Iowa, 447, the action was for malicious prosecution, and in the complaint it was alleged that the defendant, before a magistrate, "falsely, maliciously, and with intent to injure, harass, and oppress said plaintiff, made information on oath, accusing said plaintiff of using abusive language, such as 'You are a liar and thief,' and then and there maliciously, and with intent to injure, harass, and oppress said plaintiff, procured a warrant to be issued by said magistrate and placed in the hands " of a constable, and that plaintiff was arrested under the warrant and afterwards discharged. It was held on appeal that "where the complaint did not charge the commission of any specific offense, and the facts stated did not impute any crime, but the justice of the peace, by mis-

take of judgment, and thinking a crime was charged, caused the arrest of the party, the law will not hold the person who made the complaint responsible in an action for malicious prosecution for the consequences of such error."

But it is said in *Hahn* v. *Schmidt*, 64 Cal. 286, that "in order to constitute a defense to an action for malicious prosecution, the facts stated in the complaint, if they do not constitute a crime, must nevertheless be true." In support of this proposition, several cases are cited, but they are all cases in which a crime had been distinctly charged, and the facts stated were insufficient to constitute a crime. The rule declared has no application to this case.

In our opinion, the complaint here did not state a cause of action for malicious prosecution, and the demurrer was properly sustained.

We advise that the judgment be affirmed.

TEMPLE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.