Beuthner vs. Ellinger.

BEUTHNER, Respondent, vs. ELLINGER, Appellant.

*May 18 — June 20, 1895.*

*Malicious prosecution.*

.An action for malicious prosecution may be maintained against one who maliciously and without probable cause procured the issu-:ance of a criminal warrant and the arrest of the plaintiff thereon, .although the complaint on which the warrant was issued failed to state a criminal offense and the warrant was void.

APPEAL from an order of the circuit court for Racine 'county: FRANK M. FISH, Circuit Judge. *Affirmed.*

Malicious prosecution. The complaint alleges that the defendant, *Albert Ellinger,* "wilfully and maliciously con- triving and intending to wrong said plaintiff, and to injure him in his good name, fame, and reputation, and to put him to trouble, expense, and loss, maliciously and without any probable cause whatsoever," caused and procured a com- plaint to be made before the Honorable Francis Bloodgood, United States court commissioner at Milwaukee, "in due :form charging said defendant with a criminal offense, to wit, the offense of unlawfully and knowingly assisting and en- couraging the immigration of certain aliens into the United States, under contract to perform labor in the state of Wis- .consin, in the United States, in violation of chapter 164 of the Laws of the United States for the year A. D. 1885, en- titled," etc. It further alleges, in substance, that upon the complaint so made the defendant maliciously and without .any probable cause whatsoever, procured a warrant to be issued against said plaintiff for said offense, commanding him to be arrested and brought before such commissioner, and caused such warrant to be delivered to a deputy marshal of the United States for service, and caused plaintiff to be .arrested thereon, all of which acts are alleged to have been .done maliciously and without probable cause. It alleges, in

addition, that defendant employed detectives to hunt up evidence against plaintiff to be used upon the hearing of said complaint, and paid the expenses of witnesses to attend the said hearing, appeared himself before the commissioner upon the examination or trial of the plaintiff, and sat beside the prosecuting attorney, advising, prompting, and assisting in the prosecution, and otherwise took an active part in such prosecution, and that these acts likewise were done maliciously and without probable cause. It is also alleged that, at the close of such examination or trial, the commissioner adjudged that there was no probable cause for such complaint, and thereupon dismissed the complaint and discharged the plaintiff. A general demurrer to the complaint was stricken out as frivolous, and the defendant appealed.

·For the appellant the cause was submitted on the separate briefs of *Thomas M. Kearney*, attorney, and *M. Solomon*, of counsel. To the point that under the admitted facts, as they appear from the face of the complaint, an action for malicious prosecution will not lie, they cited *Johnstone v. Sutton*, 1 Term, 544; *Leigh v. Webb*, 3 Esp. 165: *Munns v. Dupont*, 1 Am. Lead. Cas. *208, *209; *Bennett v. Black*, 1 Stewart (Ala.), 497; *McNeely v. Driskill*, 2 Blackf. 259; *Burns v. Erben*, 1 Rob. (N. Y.), 559; *Cohen v. Morgan*, 6 Dowl. & R. 8; *Carratt v. Morley*, 1 Gale & B. 275; *Farley v. Danks*, 4 Ell. & B. 497; *Tempest v. Chambers*, 1 Starkie, 67; *Milton v. Elmore*, 4 Carr. & P. 456; *Hahn v. Schmidt*, 64 Cal. 286; *Newman v. Davis*, 58 Iowa, 447; *Maher v. Ashmead*, 30 Pa. St. 344; *Kramer v. Lott*, 50 id. 495; *Baird v. Householder*, 32 id. 168; *Braveboy v. Cockfield*, 2 McMullan (S. C.), 270; *Painter v. Ives*, 4 Neb. 122; *Bixby v. Brundige*, 2 Gray, 129; *Sweet v. Negus*, 30 Mich. 406.

For the respondent there was a brief by *Cooper & Nelson*, attorneys, and *John B. Simmons*, of counsel, and oral argument by *Mr. Simmons*. They cited *Apgar v. Woolston*, 43 N. J. Law, 57; *Chambers v. Robinson*, 2 Strange, 691; *Humph-*

Beuthner vs. Ellinger.

*rey v. Case*, 8 Conn. 101, 20 Am. Dec. 95; *Jones v. Gwynn*, 10 Mod. 148; *Wicks v. Fentham*, 4 Term, 247; *Elsee v. Smith*, 1 Dowl. & R. 97; *Stone v. Stevens*, 12 Conn. 219, 30 Am. Dec. 611; *Morris v. Scott*, 21 Wend. 281, 34 Am. Dec. 236; *Smith v. Cattle*, 2 Wils. 376; *Bemis v. Ryan*, 65 N. Y. 385; *Shaul v. Brown*, 28 Iowa, 37, 4 Am. Rep. 151; *Stancliff v. Palmeter*, 18 Ind. 321; 2 Greenl. Ev. § 449, note 10; *Hays v. Younglove*, 7 B. Mon. 545; *Savil v. Roberts*, 1 Salk. 13; *Munns v. Dupont*, 1 Am. Lead. Cas. *200–209; *Pippet v. Hearn*, 5 Barn. & Ald. 634; *Collins v. Love*, 7 Blackf. 416; *Straight v. Bell*, 37 Ind. 550; *Ward v. Sutor*, 70 Tex. 343; *Stocking v. Howard*, 73 Mo. 25; *Best v. Hoeffner*, 39 Mo. App. 682; *Bell v. Keepers*, 37 Kan. 64; *Schattgen v. Holnback*, 149 Ill. 646; *Forrest v. Collier*, 20 Ala. 175; *Crawford v. Ryan*, 7 Atl. Rep. 745; *Potter v. Gjertsen*, 37 Minn. 386; *Gibbs v. Ames*, 119 Mass. 60; *Lueck v. Heisler*, 87 Wis. 644.

WINSLOW, J.    It is argued in support of the demurrer that under ch. 164 of the Laws of the United States for 1885, it is not a criminal offense to encourage or assist the immigration of aliens into the United States under contract to perform labor therein, as that act simply provides for the recovery of a penalty for its violation.    From this premise it is argued that the complaint which the defendant procured to be made did not charge the commission of any criminal offense, and that the United States court commissioner erred in issuing a criminal warrant upon that complaint, and that no criminal prosecution was in fact commenced. Granting that the complaint charged the commission of no criminal offense, still a criminal warrant was issued upon it by the procurement of the defendant, and it is settled in this state that an action for malicious prosecution may be maintained if the proceedings are malicious and unfounded and without probable cause, even though the complaint fails to state a criminal offense and the warrant is void.    It is no

defense to show that the complaint was insufficient in law to authorize a criminal prosecution. *Lueck v. Heisler*, 87 Wis. 644. This is the only point made which deserves attention.

*By the Court.*— Order affirmed.