# OCTOBER TERM, 1900.

## DOTY v. HURD.

FALSE IMPRISONMENT—VOID WARRANT—LIABILITY OF COMPLAIN-
ANT—ADVICE OF PROSECUTOR.

> Where defendant stated to a justice of the peace facts con-
> cerning an assault committed by the plaintiff, and thereafter
> the justice informed defendant that he had consulted with
> the prosecuting attorney, who believed that plaintiff could
> be prosecuted under an ordinance, and the justice drew up a
> complaint, which defendant signed, but did nothing fur-
> ther looking to plaintiff's arrest, he was not liable for false
> imprisonment, though the complaint and warrant were de-
> fective, in that they did not contain averments sufficient
> to make a case under the ordinance.

Error to Lapeer; Smith, J. Submitted June 8, 1900.
Decided October 2, 1900.

Case by Edward E. Doty against Charles J. Hurd for
malicious prosecution and false imprisonment. From a
judgment for plaintiff, defendant brings error. Reversed

*Geer, Williams & Halpin,* for appellant.

*Stickney & Reed,* for appellee.

LONG, J. In July, 1897, the defendant made and
swore to a complaint, in which it was charged that the
plaintiff in this case did willfully and maliciously disturb
the peace of the village of Metamora, Lapeer county. A
warrant was issued upon this complaint by a justice of the
peace, and placed in the hands of an officer, and upon
which the plaintiff was arrested, and confined in the
Metamora jail for a brief period. On a trial before the
justice he was discharged. He then brought this action
for malicious prosecution and false imprisonment against

the defendant here, and recovered a verdict and judgment for $25. Defendant brings error.

On the trial the court below held that the only question in the case was one of false imprisonment, as the complaint and warrant were void, and afforded no protection to the officer making the arrest. It appears that the defendant was a member of the village council, and that there was an ordinance of the village for punishing persons guilty of disturbing the peace by quarreling and fighting on the public streets. It also appears that, in June previous to the arrest, the plaintiff had an altercation with one Rev. William H. Flint, a Congregational minister of the village, and, after exchanging a few words with him, struck him, and then turned and ran away. The defendant was an eye-witness to the affray, and, as the plaintiff turned to run away, the defendant caught him, and asked the marshal of the village to take him before a justice of the peace, which he did, and the justice fined the plaintiff $10 and costs for assault and battery, and the fine was paid. Following this, the defendant made the complaint out of which the present case grew, and upon which the plaintiff was arrested. The defendant's connection with the affair was testified to by the plaintiff and by the justice who issued the warrant. The justice testified that the defendant stated to him the facts which he claimed constituted the offense under the village ordinance; that he said to the defendant that he was going to Lapeer, and would lay the matter before the prosecuting attorney; that he did so, and then told the defendant he would take the complaint, as the prosecuting attorney said that the fine in the first case would go to the county, and that there was an action for violating the village ordinance separate from that if they saw fit to prosecute it; that he then took the complaint in writing; that the village attorney was not there, and he drew up the complaint. The justice also testified that, after the complaint was made, he issued the warrant, and handed it to a constable for service, and that the defendant had nothing to do with serving the war-

rant, to his knowledge; that, when the case was called, it was conceded that the complaint and warrant were defective, and he discharged the plaintiff; that subsequently a new complaint was made by defendant, and warrant issued, the plaintiff arrested, and on the second trial was convicted by a jury.

The plaintiff was permitted to put in some testimony which he claimed tended to show a conspiracy on the part of defendant with others to imprison him, and drive him out of the community. The defendant offered no evidence in the case. His counsel, after the close of the testimony, asked the court to direct the verdict in favor of the defendant. This was refused.

There was no testimony tending to show a conspiracy to imprison the plaintiff, and all the defendant did was to make the complaint. We think the request should have been given. The testimony is conclusive that the plaintiff had been guilty of willfully and maliciously disturbing the peace. He had pleaded guilty to' an assault and battery on Mr. Flint on the same occasion. It is also conclusively established by the evidence that defendant had nothing to do with the arrest of the plaintiff except making the complaint. It is true that the complaint and warrant did not contain sufficient averments to make a case under the ordinance; but the defendant had nothing to do with drawing them up. The justice did that after consulting with the prosecuting attorney; and, after he had told the defendant that the prosecuting attorney was of the opinion that the facts stated by defendant to the justice were sufficient, the defendant signed the complaint. The warrant, when issued, was delivered to a constable, and was served by him. The defendant, so far as appears by the record, did not suggest the putting of the plaintiff in the lockup. That was done because of the absence of the justice. When the justice returned, and the plaintiff was brought before him, he let him off on his own recognizance. The case is very similar to the case of *Murphy* v. *Walters*, 34 Mich. 180. It was there held

that ono who, in making a criminal complaint, merely states the facts and circumstances to the prosecuting attorney, and swears to the complaint drawn by the latter embodying such facts, is not liable in an action of false imprisonment, though the facts sworn to fail to make out a criminal offense. See, also, *Thurston* v. *Wright,* 77 Mich. 102, 103 (43 N. W. 860).

The judgment must be reversed, and a new trial granted.

The other Justices concurred.