[Civ. No. 4332. Third Appellate District.—May 19, 1932.]

E. L. HOWE, Appellant, v. GEORGE W. OWSLEY, Respondent.

Frank McGowan, Blaine McGowan and H. B. Churchill for Appellant.

James W. Henderson for Respondent.

PLUMMER, J.—The plaintiff had judgment in this action against the defendant in the sum of $8,000, based upon a charge of malicious prosecution. After the entry of judgment upon the verdict returned in said cause, the defendant's motion for a new trial was granted, the order of the court being based upon insufficiency of the testimony, and that the verdict was against the law. From the order of the court granting a new trial the plaintiff has appealed.

The record shows that on or about the twenty-ninth day of October, 1928, the plaintiff obtained accommodations in

a five-room house owned by the defendant and remained there until on or about the thirteenth day of November, 1928, when he removed therefrom without having paid for such accommodations. That the value of the accommodations furnished the plaintiff by the defendant was the sum of about $15. The house where the plaintiff obtained accommodations from the defendant is situate in the city of Eureka, county of Humboldt.

It appears from the record that the plaintiff removed what household effects he had with him and used in the house just referred to, to the city of Santa Rosa. The record further shows that the plaintiff made no effort to communicate with the defendant at the time of his departure from the city of Eureka, nor after leaving therefrom, made any attempt to communicate with the defendant, or to pay for the accommodations referred to, until after the institution of this action.

On or about the sixteenth day of November, 1928, the defendant, after having consulted with the district attorney of the county of Humboldt and obtained from him a criminal complaint, went before the Justice's Court of Eureka Township, in the County of Humboldt, and swore to such complaint, which is in the words and figures following, to wit (omitting the title): "Personally appeared before me, this 16th day of November, 1928, George W. Owsley, of Eureka, in the County of Humboldt, who, first being duly sworn, complains and says: That said E. L. Howe, on the 29th day of October, 1928, at and in the County of Humboldt, State of California, did then and there wilfully and unlawfully obtain accommodations at the house of one George W. Owsley, and thereafter surreptitiously remove his bed and baggage, without paying for such accommodation. All of which is contrary to the form, force and effect of the statutes in such case made and provided, and against the peace and dignity of the State of California. Said complainant therefore prays that a warrant may be issued for the arrest of said E. L. Howe, and that he may be dealt with according to law."

Following the filing of this complaint in the justice's court just referred to, a warrant was issued which, so far as material here, is in the following words and figures (omitting title): "To any sheriff, constable, marshal or

policeman of said State: Information, on oath, having been this day laid before me, Frank E. Niskey, a Justice of the Peace of the township of Eureka, said County and State, by George W. Owsley, that the crime of defrauding an innkeeper has been committed, and accusing the defendant thereof, you are hereby commanded forthwith to arrest above named defendant and bring him before me forthwith at my office in said township, or in case of my absence or inability to act, before the nearest and most accessible magistrate in this county.''

Acting upon this warrant the plaintiff was arrested, detained for two days, admitted to bail, and the cause subsequently dismissed.

To sustain the action of the trial court, the defendant calls our attention to conflicting testimony given upon the trial, and further, to the fact that the complaint sworn to by the .defendant does not state any facts sufficient to establish any criminal charge; that the complaint filed with the justice simply states the facts, and that if a warrant of arrest was improperly issued directing the arrest of the plaintiff on the charge of having defrauded an innkeeper, it was the. mistake or act of the justice of the peace, and that while the defendant might be liable for false imprisonment for procuring the justice to issue a warrant of arrest based simply upon a statement of acts not constituting a crime, and upon an information not charging the plaintiff with a crime, no basis is laid upon which an action for malicious prosecution could be predicated.

That there is a direct conflict in the testimony is clearly apparent by the following excerpts which we take from the testimony of Mr. Metzler, the district attorney, and the testimony of the defendant Owsley. Mr. Metzler testified as follows: ''Q. Did Mr. Owsley, at that time and place, tell you the character of the building that he said the tenant had removed from? A. He did. Q. What kind of a building did he say it was? A. He told me it was a furnished apartment. Q. That it was a furnished apartment? A. He did. And we discussed what a furnished apartment was; we discussed whether or not an apartment that was partly furnished would be considered to be furnished apartment, and I remember stating to Mr. Owsley I did not know what constituted a furnished apartment;

that that was a question of fact, and not one of law. An apartment may be furnished with a stove and other articles of furniture, and might be considered a furnished apartment when all the furniture was not there necessary to constitute a completely furnished apartment. Q. But he at that time told you that this was a furnished apartment? A. He did. Q. Did you, or did you not at that time tell him that if this were an ordinary dwelling house, he could not get a warrant, legally? A. I don't know whether I did or not.''

As to his conversation with Mr. Metzler and the advice obtained from him, Mr. Owsley, the defendant, testified as follows: ''A. I says to Mr. Metzler, 'I came to see you as to what can be done in the way of collecting house rent from a man who goes away and agreed to pay it and pay for breaking of the garage door, and does not do it.' He says: 'What kind of a house?' I says, 'It is a five-room cottage at 2711 B Street.' He says, 'I can do nothing for you about the garage door, but the other is different.' So he called Walley Strong (a stenographer) and said to me to take a seat in the front room, which I did. Q. How long were you in Mr. Metzler's private office? A. A very few minutes. Q. Did Mr. Metzler at any time while you were talking with him, ask you if the house that you rented to Mr. Howe was an apartment house? A. He did not. I had already told him that it was a five-room cottage, and where it was located. I told him it was a furnished five-room cottage and asked him what could be done. Then he proceeded to get Mr. Strong and made out the papers.'' Mr. Owsley further testified that he was not actuated by any malice.

The wording of the complaint prepared by Mr. Metzler and sworn to by the defendant, strongly corroborates the testimony of the defendant, and is in direct conflict with the testimony of Mr. Metzler. The court heard this testimony, and more along the same line, not necessary to be set forth herein, had the opportunity of observing witnesses, and under such circumstances we cannot say that any abuse of discretion has been shown.

Upon the motion for new trial in this cause the trial court had the opportunity to again review all the testimony, and if in its sound judgment and discretion it appeared

that the verdict was contrary to the evidence, that the defendant had made a full and complete disclosure of all the facts and circumstances surrounding the cause, to the district attorney, and that the district attorney had wrongfully advised the defendant, and made out a paper such as we have set forth herein, for the defendant to sign, then and in that case it does not lie within our power to order a reversal. A review of the testimony set out in the transcript shows a direct conflict between the testimony of Metzler and that of the defendant as to matters vital to a correct determination of this cause, and under such circumstances we cannot say the court abused its discretion in granting a new trial. ■ The law is so well settled that an appellate tribunal will not disturb an order of the trial court in granting a new trial unless there appears to be an abuse of discretion, that the citation of authorities seems unnecessary. However, we may refer to 20 California Jurisprudence, page 111 et seq., where what we have said is set forth in the text, and supported by numerous decisions.

■ On November 16, 1928, at the time the defendant swore to the complaint referred to herein, section 537 of the Penal Code read as follows: ''Any person who obtains any food or accommodation at an hotel, inn, restaurant, boarding house, lodging house, or furnished apartment house, without paying therefor, with intent to defraud the proprietor or manager thereof, or who obtains credit at an hotel, inn, restaurant, boarding house, lodging house or furnished apartment house by the use of any false pretense, or who, after obtaining credit, food or accommodation at an hotel, inn, restaurant, boarding house, lodging house, or furnished apartment house absconds or surreptitiously removes his baggage therefrom without paying for his food or accommodation is guilty of a misdemeanor.''

There is nothing in the complaint just referred to, charging the plaintiff with defrauding an innkeeper, nor is there anything in the complaint specifying or alleging that the plaintiff was guilty of any crime whatsoever. The acts alleged by the defendant to have been performed by and on the part of the plaintiff charge only such acts as would raise a civil responsibility. The complaint set forth matters showing only a civil liability on the part of the plaintiff, and contained nothing whatever from which the inference

could be drawn that the defendant was charging the plaintiff with a criminal offense.

In the particulars which we have mentioned the complaint filed with the justice of the peace of Eureka township by the defendant differs from almost every other case involving malicious prosecution which has been called to our attention or which we have been able to find. In practically all the cases where it is held that a defective statement in a complaint, or rather, the statements in the complaint are not sufficient to support a criminal prosecution, the complaint, nevertheless, in some portions thereof, charges a criminal offense. The complaint under consideration does allege the conduct of the plaintiff as contrary to law, which, of course, was true. The concluding portion of the complaint praying that a warrant for the arrest of the plaintiff, and that he be dealt with according to law, might furnish the basis for an action against the defendant as an actor in bringing about an unlawful and false imprisonment of the plaintiff.

Again, the complaint in this action does not allege that any of the statements contained in the complaint filed by the defendant with the justice of the peace of Eureka township, are false. It simply charges that the acts performed by the defendant were done maliciously and without reasonable or probable cause therefor. Nor has our attention been called to any testimony in the transcript where the truth of the allegations contained in the complaint filed by the defendant is questioned, and nothing of the kind has come to our attention in the examination thereof. At least, no such testimony is printed in the briefs or as an appendix thereto. In this action, damages for malicious prosecution only are sought, and the questions of false imprisonment and civil liability are not involved. Hence, even though it might be conceded that the act of the defendant laid the basis for an action alleging false imprisonment or civil liability, it does not assist the plaintiff herein.

In *Hahn* v. *Schmidt*, 64 Cal. 284 [30 Pac. 818], the questions which we are considering were before the court, and it was there held that one who makes an affidavit before a committing magistrate, stating facts conceded to be true, which a magistrate erroneously believes to constitute a crime, and issues a warrant of arrest accordingly, is not liable in dam-

ages to the person arrested in an action alleging malicious prosecution. It is further said in the opinion in that case, quoting from the case of *Cohen* v. *Morgan,* 6 Dowl. & R. 8: "There is nothing in the defendant's conduct to show that he was influenced by malice. To support the averment of malice it must be shown that the charge is willfully false. But here, according to the evidence, the defendant merely related his story to the magistrate, leaving it to him to determine whether the facts amounted to a felony." And further: "It is clear from that and other cases, and upon principle, that a party who merely originates a suit by stating his case to a court of justice, is not guilty of trespass, although the proceedings may be erroneous or without jurisdiction." And further citing other cases in the opinion we find the following: "But in order to constitute a defense to an action for malicious prosecution, the facts stated in the complaint, if they do not constitute a crime, must nevertheless be true."

In *Krause* v. *Spiegel,* 94 Cal. 370 [28 Am. St. Rep. 137, 15 L. R. A. 707, 29 Pac. 707], the case of *Hahn* v. *Schmidt, supra,* was approved, and the rule of responsibility stated in these words (we quote from the syllabus): "The arrest and imprisonment of a person on a charge which did not constitute a criminal offense, such as the charge of slander, cannot be made the basis of an action for malicious prosecution although it might warrant an action for false imprisonment." The opinion in this case cites a number of authorities supporting this statement of the law.

The case of *Harrington* v. *Tibbet,* 143 Cal. 78 [76 Pac. 816], relied upon by the appellant, is readily distinguishable from the facts presented in this cause. A quotation from the syllabus in the Harrington case discloses that the judgment of the court was based upon an entirely different state of facts. It is there said: "An action for damages for malicious prosecution will lie where the defendant maliciously, and without probable cause, procured the arrest and imprisonment of plaintiff for felony under a false charge of having obtained money under false pretenses, notwithstanding it appears that the complaint for arrest did not state facts sufficient to constitute a public offense, for the reason that the false pretenses and promises charged related to future events and not to past or existing facts." Here, it clearly

appears that the ruling was had upon the theory that the charge made was false, not that the complaint set forth facts which were true, and which were erroneously, by the magistrate or by the district attorney, held to show a criminal offense. It further appears in the opinion in the Harrington case that the defendant charged the plaintiff with the crime of obtaining money under false pretenses. The facts set forth did not sustain the charge. The court, in the opinion in the Harrington case, further approves the following statement of the law: "There is no doubt that if a person truly states to a judge, and the judge thereupon does an act which the law will not justify, the party who made the statement is not liable, because in that case the grievance complained of arises not from the false statement of the party, but from a mistake of the judge. It would be strange if, where a court is put in motion by a false and malicious statement, it should depend upon a nice question of law whether there was a remedy or not." ▮ Here, the distinction is pointedly set forth between a true statement and a false statement. If the statement is false, it of course furnishes the basis for the conclusion that it has been made maliciously and without probable cause. In other words, the holding of these cases is to the effect that if one makes an affidavit falsely charging another with a crime, and then sets forth facts insufficient to sustain the charge, a liability for damages is thereby fixed upon the person, irrespective of the legal sufficiency of the complaint; while on the other hand, if, without charging any criminal offense, a person simply states the true facts, and the magistrate or the district attorney erroneously concludes that a crime has been committed, and issues a warrant, no basis is laid for an action charging malicious prosecution. As said in *Krause* v. *Spiegel, supra,* the fact that an action for false imprisonment may be maintained does not affect the question of liability in an action seeking damages only for malicious prosecution.

In the notes to the case of *Ross* v. *Hickson,* 26 Am. St. Rep. 129, we find the following statement of the law supported by numerous authorities: "If the charge made by the prosecutor is true, but the legal conclusion drawn from it is erroneous and cannot be sustained, and the proposition must therefore fail, no action against him can be maintained, as where he correctly stated the facts upon which he relied,

and the magistrate erroneously regarded them as criminal, and issued his warrant thereon.'' (Without listing the cases, we refer simply to the note.)

In the case of *Cochran* v. *Bones*, 1 Cal. App. 729 [82 Pac. 970], the facts set forth in the opinion show that the defendant charged the plaintiff with petty larceny, and caused the plaintiff's arrest therefor, but that the facts stated in the affidavit or complaint were insufficient to support the charge. Here, the false conclusion of law and the false charge were contained in the affidavit or complaint. The case did not involve a true statement of facts without a charge of criminal act, and then, an erroneous conclusion by district attorney or by a magistrate. If the affidavit filed with the magistrate charges the commission of a criminal offense, and the facts show a colorable cause, which means acts which, in connection with other acts, might constitute a crime, then and in that case the weight of authority holds that an action for malicious prosecution may be maintained. Thus, as in the case of *George* v. *Williams*, 26 Ariz. 91 [222 Pac. 410], the defendant filed a complaint charging the plaintiff with having committed a misdemeanor, to wit, false personations (as follows, to wit), and then set forth certain facts insufficient to support the charge. It was held that an action could be maintained. The opinion in this case cites a number of authorities to the same effect. All of these cases, as we have said, however, are readily distinguishable from the facts presented for our consideration in the case at bar. No crime is charged; the facts stated were and are insufficient to show any offense, or even the color of any criminal act. They simply established a civil liability.

As to whether the complaint can be amended so as to maintain an action for false imprisonment, we express no opinion, but under the circumstances presented in this case, if it be shown that the statements contained in the affidavit were true,—and as we have stated, the complaint does not allege their falsity, nor has our attention been called to any testimony questioning their truthfulness,—the action of the trial court in granting a new trial should be affirmed on both grounds stated therefor. And it is so ordered.

Thompson (R. L.), J., concurred.