[Sac. No. 6099. In Bank. May 26, 1950.]

ORLIE GOGUE, Appellant, v. EUGENE W. MacDONALD, Respondent.

Harry W. Falk for Appellant.

Hill & Hill and W. G. Watson, Jr., for Respondent.

SHENK, J.—This is an appeal from a judgment dismissing the action after a general demurrer to the complaint had been sustained and the plaintiff refused to amend. The complaint shows the following facts:

On June 22, 1948, the defendant went before a justice of the peace at Fortuna, California, and complained that the plaintiff had removed himself and his belongings from the defendant's cottage without paying rent due in the sum of $95. The justice of the peace prepared a criminal complaint and issued a warrant of arrest based on an alleged violation of section 537 of the Penal Code. The plaintiff was arrested by the sheriff. He was unable to furnish bail and was detained in the county jail. He was subsequently released on his own recognizance. Thereafter the charge was dismissed. Since section 537 refers to removal of belongings without payment of rent for certain furnished accommodations, the facts alleged in the complaint did not constitute the designated or any penal offense.

The plaintiff sought damages for alleged wrongful arrest and detention. The question is whether the court correctly concluded that the complaint herein did not state a cause of action. ■ There is no allegation of bad faith, such ˙as wilful falsity or malice, in the defendant's statement of the facts to the justice of the peace. The truth of the facts so stated and the absence of bad faith in stating them must therefore be assumed.

■ The Penal Code, section 236, defines false imprisonment as the unlawful violation of the personal liberty of another. Unlawful interference with the personal liberty of another affords a civil right of action for the recovery of damages. ■ Malicious prosecution is the pursuit of another by means of criminal proceedings under lawful process, but with malice and without probable cause. Civil liability may result but recovery is justified only upon allegation and proof of both essential elements, namely, malice and want of probable cause. Whether a person is liable in damages when he merely has appeared before the appropriate public official and in good faith stated the facts upon which a warrant of arrest for a criminal offense was mistakenly issued, does not seem to have been resolved by the decisions in this state.

In the early case of *Hahn* v. *Schmidt,* 64 Cal. 284 [30 P. 818], an action for malicious prosecution, the court with citation of cases adopted the English rule that in the absence of bad faith one who merely originates a suit by stating his case to a public officer, and the case stated does not amount to a criminal offense, is not liable.

In *Krause* v. *Spiegel,* 94 Cal. 370 [29 P. 707, 28 Am.St.Rep. 137, 15 L.R.A. 707], the complaint alleged falsity and malice in a prosecution by the defendant who had caused the plaintiff's arrest and imprisonment on a charge of slander. The court refused to apply the rule stated in *Hahn* v. *Schmidt* as a basis for malicious prosecution where the charge did not specify a crime—slander not being a punishable offense. In considering on demurrer the bar of the statute of limitations, it was held that a cause of action for malicious prosecution was not alleged, and that the statute barred the cause for false imprisonment which was stated to be the basis for recovery had the action been brought in time. (*cf. Dusy* v. *Helm,* 59 Cal. 188; *Fkumoto* v. *Marsh,* 130 Cal. 66 [62 P. 303, 509, 80 Am.St.Rep. 73]; *Nelson* v. *Kellogg,* 162 Cal. 621 [123 P. 1115]; *Neves* v. *Costa,* 5 Cal.App. 111 [89 P. 860], stating the rule of liability applicable in cases of civil arrest; also

*People* v. *Agnew,* 16 Cal.2d 655 [107 P.2d 601], involving citizen's arrest.)

In *Miller* v. *Fano,* 134 Cal. 103 [66 P. 183], it was held that giving facts of identity in good faith to the officer arresting an innocent person did not create liability in an action for false imprisonment.

The court in *Harrington* v. *Tibbet,* 143 Cal. 78 [76 P. 816], followed the distinction recognized in *Hahn* v. *Schmidt* between one who in good faith states the facts to the magistrate and one who, as there alleged, maliciously made false statements to him. It was said that the failure of the stated facts to constitute a public offense should not relieve a defendant acting in bad faith from liability in a malicious prosecution action. The Harrington decision was cited in *Cochran* v. *Bones,* 1 Cal.App. 729 [82 P. 970], a malicious prosecution case, where it was held that the defendant could not claim the protection of an otherwise truthful statement when he concealed facts which, had they been disclosed, would have shown that no crime had been committed. (See also *Donati* v. *Righetti,* 9 Cal.App. 45, 48 [97 P. 1128].)

There is language in *Stubbs* v. *Abercrombie,* 42 Cal.App. 170 [183 P. 458], to the effect that if the facts stated to the district attorney in good faith and without malice did not constitute a public offense there would be no liability on the part of the complainant.

*Howe* v. *Owsley,* 123 Cal.App. 550 [11 P.2d 663], involved the arrest of the plaintiff by legal process on a charge of violation of section 537 of the Penal Code. Similar facts—defrauding the defendant of $15 rental of an unfurnished house—were stated to a justice of the peace in Humboldt County and were insufficient to constitute the offense charged. A new trial was granted after judgment on a verdict of $8,000—awarded on the theory of malicious prosecution. Noting the distinction in *Hahn* v. *Schmidt* and *Harrington* v. *Tibbet,* it was held that malicious prosecution did not lie in the absence of malice. The court quoted an excerpt from *Ross* v. *Hixon,* 46 Kan. 550 [26 P. 955, 26 Am.St.Rep. 123, 129, 12 L.R.A. 760], said to be supported by numerous authorities, to the effect that no action could be maintained against a person who did no more than correctly relate the facts which the magistrate erroneously regarded as constituting a public offense. The court affirmed the order granting a new trial but, referring to the dictum in *Krause* v. *Spiegel,*

refrained from expressing an opinion as to whether the complaint could be amended to allege false imprisonment.

The foregoing review of decisions in this state indicates that in the present case there can be no recovery for malicious prosecution in the absence of allegation and proof of malice in making the insufficient criminal charge. Cases in other jurisdictions support the rule of recovery in malicious prosecution when that element is present. (*George v. Williams*, 26 Ariz. 91 [222 P. 410]; *Bell v. Keepers*, 37 Kan. 64 [14 P. 542]; *Barker v. Stetson*, 73 Mass. (7 Gray) 53; *Finn v. Frank*, 84 Me. 261 [24 A. 851, 30 Am.St.Rep. 348]; *Rush v. Buckley*, 100 Me. 322 [61 A. 774, 4 Ann.Cas. 318, 70 L.R.A. 464]; *Tillman v. Beard*, 121 Mich. 475 [80 N.W. 248, 46 L.R.A. 215]; *Nelson v. Hill*, 30 N.M. 288 [232 P. 526]; *Beuthner v. Ellinger*, 90 Wis. 439 [63 N.W. 756]; 38 C.J. 389; 22 Am.Jur. 376.) Although there is no case directly in point, the consistent tenor of judicial declaration in this state (with the possible exception of the dictum in *Krause v. Spiegel*), is in accord with a rule of nonrecovery in such cases on the theory of false imprisonment (see 12 Cal.Jur. p. 434, § 6). The English rule of nonrecovery in actions for false imprisonment or malicious prosecution in the absence of the essential element of malice, has been adopted in the United States by the weight of authority. (*Barker v. Stetson, supra*, 73 Mass. 53; *Langford v. Boston & A. R. Co.* (1887), 144 Mass. 431 [11 N.E. 697]; *Doty v. Hurd*, 124 Mich. 671 [83 N.W. 632]; *Gifford v. Wiggins* (1892), 50 Minn. 401 [52 N.W. 904, 18 L.R.A. 356]; *Utz v. Mayes* (Mo.App. 1925), 267 S.W. 59; *Nelson v. Hill* (1924) *supra*, 30 N.M. 288 [232 P. 526]; *Von Latham v. Libby*, 38 Barb. (N.Y.) 339; *Smith v. Clark*, 37 Utah 116 [106 P. 653, Ann.Cas. 1912B 1366, 26 L.R.A.N.S. 953]; *Teal v. Fissel* (1886), 28 F. 351; 25 C.J. 480; 22 Am.Jur. 375; 18 L.R.A. 356; 1912B Ann.Cas. 1373; 1918A Ann.Cas. 492.)

At page 480 of 25 Corpus Juris, citing numerous cases, it is stated that according to the weight of authority the defendant is protected where he does nothing more than lay the facts before the magistrate even though they are insufficient to show that a public offense has been committed. The rule is said to flow from the injustice of holding the defendant guilty of any tort if he merely makes an honest statement of the facts to a magistrate leaving to him such action as he may deem proper. (22 Am.Jur. at p. 375.) It was declared in *Teal v. Fissel, supra* (28 F. 351), that to hold the complainant on

account of the justice's mistake would not only be grossly unjust but would also be highly injurious to the public interest. It is also noted in Prosser on Torts at pages 74-75 (citing Salmond, Law of Torts, 8th ed. 1934, 378), that the policy in support of the prevailing rule is to accord to a person the privilege of making reasonable efforts to bring his case properly before the court; that consequently false imprisonment will not lie where he has attempted to comply with the legal requirements and fails to do so through no fault of his own; but that he is liable in malicious prosecution for misuse for an improper purpose of legal process.

It follows that where, as here, the defendant reports the facts to the magistrate, takes no active part in the arrest but leaves the matter to the public officials and no bad faith appears, he is not liable merely because the facts he has stated to the magistrate do not constitute a public offense.

The trial court properly ruled that the allegations of the complaint afforded no basis for recovery against the defendant.

The judgment is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.